DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
MATTHEW D. PHAM (BAR NO. 287704)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
         jdelcastillo@allenmatkins.com
         mpham@allenmatkins.com

Attorneys for Temporary Receiver
DAVID P. STAPLETON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and<br><br>CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION & INNOVATION,<br><br>       Plaintiffs,<br><br>    vs.<br><br>GREEN EQUITABLE SOLUTIONS, a corporation, also d/b/a ACADEMY HOME SERVICES;<br><br>SOUTH WEST CONSULTING ENTERPRISES, INC., a corporation, also d/b/a ACADEMY HOME SERVICE, ATLANTIC PACIFIC SERVICE GROUP, GOLDEN HOME SERVICES OF AMERICA ENTERPRISES, and HOME MATTERS USA;<br><br>APEX CONSULTING & ASSOCIATES INC., a corporation, also d/b/a GOLDEN HOME SERVICES AMERICA and HOME MATTERS USA CONSULTING;<br><br>INFOCOM ENTERTAINMENT LTD, INC., a corporation, also d/b/a AMSTAR SERVICE GROUP, ATLANTIC PACIFIC SERVICE. and HOME | Case No.<br><br>**NOTICE OF APPOINTMENT OF RECEIVER (28 U.S.C. § 754)** |

1  RELIEF SERVICE OF AMERICA;

2  DOMINIC AHIGA, a/k/a MICHAEL
   DOMINIC GRINNELL, individually
3  and as an officer of GREEN
   EQUITABLE SOLUTIONS, SOUTH
4  WEST CONSULTING ENTERPRISES,
   INC., and APEX CONSULTING &
5  ASSOCIATES INC.; and

6  ROGER SCOTT DYER, individually
   and as an officer of SOUTH WEST
7  CONSULTING ENTERPRISES, INC.,
   and INFOCOM ENTERTAINMENT
8  LTD, INC.,

9          Defendants.

10

11         Pursuant to 28 U.S.C. § 754, David P. Stapleton, the temporary receiver

12  appointed by the United States District Court for the Central District of California in

13  the civil action captioned as *Federal Trade Commission, et al. v. Green Equitable*

14  *Solutions, et al.* and bearing Case No. 2:22-cv-06499-FLA-MAR, hereby files in

15  this district the true and correct copies of the following:

16  • **Exhibit 1**: *Complaint for Permanent Injunction, Monetary Relief, and Other*

17     *Relief*

18  • **Exhibit 2**: *Order Granting Plaintiffs' Ex Parte Application for Temporary*

19     *Restraining Order with Asset Freeze, Appointment of Temporary Receiver,*

20     *Limited Expedited Discovery, and Order to Show Cause Why Preliminary*

21     *Injunction Should Not Issue [Dkt. 9]*

22

23  Dated:  September 26, 2022_____          ALLEN MATKINS LECK GAMBLE
                                                   MALLORY & NATSIS LLP
24                                              DAVID R. ZARO
                                                JOSHUA A. DEL CASTILLO
25                                              MATTHEW D. PHAM

26                                              By:_____/s/ Matthew D. Pham_____
27                                                 MATTHEW D. PHAM
                                                   Attorneys for Temporary Receiver
28                                                 DAVID P. STAPLETON

# EXHIBIT 1

Complaint for Permanent Injunction, etc.

**Exhibit 1**
**Page 3**

FILED
CLERK, U.S. DISTRICT COURT

9/12/22

CENTRAL DISTRICT OF CALIFORNIA
BY:    CS        DEPUTY

1   ANISHA DASGUPTA, General Counsel
    MILES D. FREEMAN, Cal. Bar No. 299302
2   mfreeman@ftc.gov
    KARINA A. LAYUGAN, Cal. Bar No. 302049
3   klayugan@ftc.gov
    CARLA L. CHEUNG, Cal. Bar No. 291562
4   ccheung1@ftc.gov
5   Federal Trade Commission
    10990 Wilshire Boulevard, Suite 400
6   Los Angeles, CA 90024
    Tel: (310) 824-4300
7   Fax: (310) 824-4380
8
    *Attorneys for Plaintiff Federal Trade Commission*
9
10  TAYLOR STEINBACHER, Cal. Bar No. 285335
    Taylor.Steinbacher@dfpi.ca.gov
11  LOUIS LAVERONE, Cal. Bar No. 296990
    Louis.Laverone@dfpi.ca.gov
12  California Department of Financial Protection and Innovation
13  320 West 4th Street, Suite 750
    Los Angeles, CA 90013
14  Tel: (213) 576-7500
    Fax: (213) 576-7181
15
    *Attorneys for Plaintiff California Department*
16  *of Financial Protection and Innovation*
17                  UNITED STATES DISTRICT COURT
18                  CENTRAL DISTRICT OF CALIFORNIA
19
20  FEDERAL TRADE COMMISSION;        Case No. CV22-6499-FLA(MARx)
    and CALIFORNIA DEPARTMENT
21  OF FINANCIAL PROTECTION and     **COMPLAINT FOR PERMANENT**
    INNOVATION,                     **INJUNCTION, MONETARY**
22                                  **RELIEF, AND OTHER RELIEF**
                 Plaintiffs,
23
24               v.
25  GREEN EQUITABLE SOLUTIONS,
26  a corporation, also d/b/a ACADEMY
    HOME SERVICES;
27
28

Exhibit 1
Page 4

1  | SOUTH WEST CONSULTING
2  | ENTERPRISES, INC., a corporation,
   | also d/b/a ACADEMY HOME
3  | SERVICE, ATLANTIC PACIFIC
4  | SERVICE GROUP, GOLDEN
   | HOMES SERVICES OF AMERICA
5  | ENTERPRISES, and HOME
6  | MATTERS USA;
7  | APEX CONSULTING &
8  | ASSOCIATES INC., a corporation,
   | also d/b/a GOLDEN HOME
9  | SERVICES AMERICA and HOME
10 | MATTERS USA CONSULTING;
11 | INFOCOM ENTERTAINMENT
12 | LTD, INC., a corporation, also d/b/a
   | AMSTAR SERVICE GROUP,
13 | ATLANTIC PACIFIC SERVICE, and
14 | HOME RELIEF SERVICE OF
   | AMERICA;
15 |
16 | DOMINIC AHIGA, a/k/a MICHAEL
   | DOMINIC GRINNELL, individually
17 | and as an officer of Green Equitable
18 | Solutions, South West Consulting
   | Enterprises, Inc., and Apex Consulting
19 | & Associates Inc.; and
20 |
   | ROGER SCOTT DYER, individually
21 | and as an officer of South West
22 | Consulting Enterprises, Inc., and
   | Infocom Entertainment Ltd, Inc.,
23 |
24 |                 Defendants.
25 |
26 |
27 |
28 |

Exhibit 1
Page 5

1    Plaintiffs, the Federal Trade Commission ("FTC") and the California

2  Department of Financial Protection and Innovation ("DFPI"), for their Complaint

3  allege:

4    1.    Plaintiff FTC brings this action under Sections 13(b) and 19 of the

5  Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b; the 2009

6  Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678

7  (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability

8  Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123

9  Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the

10  Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-

11  203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"),

12  12 U.S.C. § 5538; the Telemarketing and Consumer Fraud and Abuse Prevention

13  Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq*.; and the COVID-19

14  Consumer Protection Act ("CCPA"), Public Law No. 116-260, 134 Stat. 1182,

15  Title XIV, § 1401, which authorize the FTC to seek, and the Court to order

16  temporary, preliminary, and permanent injunctive relief, monetary relief, and other

17  equitable relief, including a temporary and preliminary injunction, an asset freeze,

18  and the appointment of a receiver, for Defendants' acts or practices in violation of

19  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in violation of the Mortgage

20  Assistance Relief Services Rule ("MARS Rule" (Regulation O)), 12 C.F.R. Part

21  1015, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the

22  CCPA, Pub. L. No. 116-260, Title XIV, § 1401(b)(2).

23    2.    Plaintiff DFPI brings this action under the California Consumer

24  Financial Protection Law ("CCFPL") (Cal. Fin. Code § 90000 *et seq*.), which, as of

25  the law's January 1, 2021, effective date, regulates persons engaged in offering or

26  providing a consumer financial product or service in California and their affiliated

27

28

- 1 -

Exhibit 1
Page 6

1   service providers.  The CCFPL authorizes the DFPI to seek relief which may

2   include, but is not limited to, recission of contracts, refund of moneys, restitution,

3   disgorgement, payment of damages or other monetary relief, limits on the activities

4   or functions of the person, and monetary penalties.[1]

5       3.    Defendants' violations are in connection with the marketing and sale

6   of mortgage assistance relief services.  Since at least June 2018, Defendants have

7   been deceptively advertising to consumers that, in exchange for large up-front

8   payments, Defendants will negotiate with consumers' mortgage companies to

9   make consumers' mortgage payments more affordable by lowering their interest

10   rates and/or principal amounts.  However, in numerous instances, Defendants

11   failed to provide any of the advertised services and instead simply pocketed

12   millions of dollars paid by consumers.  In numerous instances, Defendants' actions

13   have caused consumers to lose the payments Defendants pocketed and incur

14   substantial interest charges and other penalties from paying Defendants instead of

15   their mortgage companies.  In some instances, consumers have been notified by

16   their mortgage companies that they have started, or intend to start, foreclosure

17   proceedings because the consumers followed Defendants' instructions to cease

18   making payments on their mortgages.  Accordingly, Plaintiff FTC brings this

19   action against Defendants for their violations of the FTC Act, the MARS Rule

20   (Regulation O), the TSR, and the CCPA, and Plaintiff DFPI brings this action

21   against Defendants for their violations of the CCFPL.

22                **JURISDICTION AND VENUE**

23       4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

24   1331, 1337(a), 1345, and 1355; 15 U.S.C. §§ 6102(c) and 6105(b); and Section

25

26

27   [1] In light of the CCFPL's January 1, 2021, effective date, the DFPI asserts no
      claims in this action for conduct occurring before that date.

28

**Exhibit 1**
**Page 7**

1  626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act and
2  amended by Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538.  This Court
3  has supplemental jurisdiction over the subject matter of the California state law
4  claims pursuant to 28 U.S.C. § 1367.

5      5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), (b)(2),
6  (c)(1), and (d), and 15 U.S.C. § 53(b).

7                                  **PLAINTIFFS**

8      6.     Plaintiff FTC is an independent agency of the United States
9  Government created by the FTC Act, which authorizes the FTC to commence this
10 district court civil action by its own attorneys. 15 U.S.C. §§ 41–58.  The FTC
11 enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or
12 deceptive acts or practices in or affecting commerce.  Also, pursuant to 12 U.S.C. §
13 5538, the FTC enforces the MARS Rule (Regulation O), which requires mortgage
14 assistance relief services providers to make certain disclosures, prohibits certain
15 representations, and generally prohibits the collection of an advance fee.  The FTC
16 further enforces the Telemarketing Act, 15 U.S.C. § 6101 *et seq*.  Pursuant to the
17 Telemarketing Act, the FTC promulgated and enforces the TSR, 16 C.F.R. Part
18 310, which prohibits deceptive and abusive telemarketing acts or practices.  In
19 addition, the FTC enforces the CCPA, which makes it unlawful under Section 5 of
20 the FTC Act for any person or corporation to engage in a deceptive act or practice
21 in or affecting commerce associated with a government benefit related to COVID-
22 19 for the duration of the COVID-19 public health emergency.

23     7.     Plaintiff DFPI is a California state agency, formerly known as the
24 Department of Business Oversight, and is the state's consumer financial protection
25 regulator.  The Commissioner of the Department of Financial Protection and
26 Innovation is the head of the DFPI, which has jurisdiction over the regulation of
27 persons engaged in offering or providing a consumer financial product or service
28

                                    - 3 -

**Exhibit 1**
**Page 8**

1   in California and affiliated service providers under the CCFPL.  Cal. Fin. Code

2   § 90005(f).  Specifically, the CCFPL makes it unlawful for a covered person to,

3   among other things, engage, have engaged, or propose to engage in any unlawful,

4   unfair, deceptive, or abusive act or practice with respect to consumer financial

5   products or services.  Cal. Fin. Code § 90003(a).  The CCFPL expressly authorizes

6   the DFPI to bring civil actions and to prosecute those actions in federal court.  Cal.

7   Fin. Code § 90006(b)(1).

8                                    **DEFENDANTS**

9        8.      Corporate Defendant Green Equitable Solutions, also doing business

10  as Academy Home Services, is a California corporation that was formed in July

11  2021 and dissolved in July 2022.  Its principal place of business was at 27201

12  Puerta Real, Suite 300, Mission Viejo, California 92691.  Green Equitable

13  Solutions has transacted business in this District and throughout the United States.

14  At times relevant to this Complaint, acting alone, in concert with others, or as part

15  of the common enterprise described in Paragraphs 22 through 24, Green Equitable

16  Solutions has advertised, marketed, provided, offered to provide, or arranged for

17  others to provide mortgage assistance relief services, as defined in 12 C.F.R. §

18  1015.2.

19       9.      Corporate Defendant South West Consulting Enterprises, Inc. ("South

20  West Consulting"), also doing business as Academy Home Service, Atlantic

21  Pacific Service Group, Golden Homes Services of America Enterprises, and Home

22  Matters USA, is a California corporation that was formed in December 2019 and

23  dissolved in February 2022.  Its principal place of business was at 941 South

24  Vermont Avenue, Suite 101#63, Los Angeles, California 90006.  South West

25  Consulting has transacted business in this District and throughout the United

26  States.  At times relevant to this Complaint, acting alone, in concert with others, or

27  as part of the common enterprise described in Paragraphs 22 through 24, South

28

- 4 -

**Exhibit 1**
**Page 9**

1   West Consulting has advertised, marketed, provided, offered to provide, or

2   arranged for others to provide mortgage assistance relief services, as defined in 12

3   C.F.R. § 1015.2.

4         10.    Corporate Defendant Apex Consulting & Associates Inc. ("Apex

5   Consulting"), also doing business as Golden Home Services America and Home

6   Matters USA Consulting, is a California corporation that was formed in December

7   2020 and dissolved in September 2021.  Its principal place of business was at 3435

8   Wilshire Boulevard, Suite 2700-92, Los Angeles, California 90010.  Apex

9   Consulting has transacted business in this District and throughout the United

10   States.  At times relevant to this Complaint, acting alone, in concert with others, or

11   as part of the common enterprise described in Paragraphs 22 through 24, Apex

12   Consulting has advertised, marketed, provided, offered to provide, or arranged for

13   others to provide mortgage assistance relief services, as defined in 12 C.F.R.

14   § 1015.2.

15         11.    Corporate Defendant Infocom Entertainment Ltd, Inc. ("Infocom

16   Entertainment"), also doing business as Amstar Service Group, Atlantic Pacific

17   Service, and Home Relief Service of America, is a California corporation that was

18   formed in June 2018 and dissolved in February 2020.  Its principal place of

19   business was at 966 South San Pedro Street, Suite 36, Los Angeles, California

20   90015.  Infocom Entertainment has transacted business in this District and

21   throughout the United States.  At times relevant to this Complaint, acting alone, in

22   concert with others, or as part of the common enterprise described in Paragraphs

23   22 through 24, Infocom Entertainment has advertised, marketed, provided, offered

24   to provide, or arranged for others to provide mortgage assistance relief services, as

25   defined in 12 C.F.R. § 1015.2.

26         12.    Defendant Dominic Ahiga, also known as Michael Dominic Grinnell,

27   ("Ahiga") has served as an officer or director of several of the Corporate

28

Exhibit 1
Page 10

1  Defendants at times relevant to this Complaint, including: Green Equitable
2  Solutions' Chief Executive Officer, Secretary, Chief Financial Officer, and
3  Director; South West Consulting's Secretary; and Apex Consulting's Chief
4  Executive Officer, Secretary, Chief Financial Officer, and Director.  Ahiga has
5  been personally involved in setting up and operating the Corporate Defendants,
6  including: incorporating Green Equitable Solutions and Apex Consulting;
7  registering Golden Home Services America and Home Matters USA Consulting as
8  Apex Consulting's fictitious business names; serving as an authorized signatory on
9  two of Corporate Defendants' bank accounts and signing withdrawal slips to
10  withdraw cash from Defendants' bank accounts; personally cashing checks paid by
11  consumers to Corporate Defendants; and registering and paying for some of
12  Corporate Defendants' websites with his personal credit cards.  At times relevant
13  to this Complaint, acting alone or in concert with others, and through interrelated
14  entities described in Paragraphs 8 through 11, Ahiga has formulated, directed,
15  controlled, had the authority to control, or participated in the acts and practices set
16  forth in this Complaint.  At times relevant to this Complaint, Ahiga resides and has
17  resided in this District.  In connection with the matters alleged herein, Ahiga
18  transacts or has transacted business in this District and throughout the United
19  States.

20        13.    Defendant Roger Scott Dyer ("Dyer") has served as an officer and
21  director of South West Consulting (as Chief Executive Officer, Secretary, Chief
22  Financial Officer, and Director) and Infocom Entertainment (as Chief Executive
23  Officer, Secretary, Chief Financial Officer, and Director) at times relevant to this
24  Complaint.  Dyer was personally involved in setting up and operating the
25  Corporate Defendants, including: incorporating South West Consulting and
26  Infocom Entertainment; registering Academy Home Service, Atlantic Pacific
27  Service Group, Golden Homes Services of America Enterprises, and Home
28

- 6 -

Exhibit 1
Page 11

1  Matters USA as South West Consulting's fictitious business names; serving as an
2  authorized signatory on nearly all of Defendants' bank accounts and signing
3  withdrawal slips to withdraw cash from Defendants' bank accounts; personally
4  cashing checks paid by consumers to the Corporate Defendants; registering and
5  paying for some of Corporate Defendants' websites with his personal credit cards;
6  and serving as the contact person for some of Corporate Defendants' locations and
7  paying for some the location rental fees with his personal credit cards.  At times
8  relevant to this Complaint, acting alone or in concert with others, and through
9  interrelated entities described in Paragraphs 8 through 11, Dyer has formulated,
10  directed, controlled, had the authority to control, or participated in the acts and
11  practices set forth in this Complaint.  At times relevant to this Complaint, Dyer
12  resides and has resided in this District.  In connection with the matters alleged
13  herein, Dyer transacts or has transacted business in this District and throughout the
14  United States.

15      **PRIOR ENFORCEMENT ACTIONS AGAINST DEFENDANTS FOR**
16      **THEIR UNLAWFUL MORTGAGE LOAN MODIFICATION SCHEMES**

17      14.     Defendants' mortgage loan modification schemes have been the
18  subject of prior law enforcement actions by the States of Ohio, Washington,
19  Oregon, Connecticut, North Carolina, and California.  Each of these actions has
20  resulted in a judgment or administrative order being entered against one or more of
21  the Defendants, and the Defendants have been ordered to pay restitution to injured
22  consumers and pay civil penalties and costs to state regulators.  Defendants have
23  ignored each of these adverse rulings and continued their deceptive and illegal
24  mortgage assistance relief services schemes.  Plaintiffs describe each of these prior
25  law enforcement proceedings below.

26      15.     Prior to the formation of the Corporate Defendants, Ahiga operated a
27  similar mortgage loan modification scheme through two companies, Equitable
28

- 7 -

**Exhibit 1**
**Page 12**

1 Century Group, LLC and 1st Financial Associates, LLC. In November 2017, the
2 State of Ohio filed a civil complaint against Ahiga and these two companies,
3 alleging that they engaged in an unlawful mortgage loan modification scheme.
4 *State of Ohio v. Equitable Century Group, LLC, et al.*, Franklin Cnty. Case No. 17-
5 CV-009813 (filed Nov. 2, 2017).[2] After the defendants failed to respond, the court
6 granted the State of Ohio's motion for default judgment and entered final judgment
7 against them in April 2018. To date, neither Ahiga nor his companies have paid
8 the restitution, civil penalties, and costs required by the court's final judgment.
9 Ahiga also continues to engage in the mortgage loan modification services industry
10 in violation of the court's final judgment.

11      16.     On April 3, 2020, the State of Washington, Department of Financial
12 Institutions, Division of Consumer Services issued a statement of charges alleging
13 that Defendants Infocom Entertainment, Ahiga, and Dyer, and "Amstar Services
14 a/k/a Financial Investment Services Corporation d/b/a Home Relief Services"
15 engaged in an unlawful mortgage loan modification scheme. *In the Matter of*
16 *Determining Whether There Has Been a Violation of the Mortgage Broker*
17 *Practices Act of Washington by Amstar Services, et al.*, Wash. Dept. of Fin. Instits.,
18 Div. of Consumer Servs. Case No. C-19-2716-20 (issued Apr. 3, 2020). On June
19 3, 2020, the Department issued its final order against the respondents.[3] To date,
20 the respondents have not paid the restitution, fines, and fees required by the order.
21 Respondents also continue to advertise and operate their purported mortgage loan
22 modification services in violation of the order.

23

24

---

25 [2] *Available at* https://www.ohioattorneygeneral.gov/Files/Briefing-Room/News-
26 Releases/Consumer-Protection/2017-11-02-COMPLAINT-Equitable-Century-
Group-TriWe.aspx (last visited July 12, 2022).
27 [3] *Available at* https://dfi.wa.gov/sites/default/files/consumer-services/enforcement-
actions/C-19-2716-20-FO01.pdf (last visited July 12, 2022).

28

**Exhibit 1**
**Page 13**

1      17.    On May 11, 2020, the State of Oregon, Department of Consumer and
2  Business Services, Division of Financial Regulation issued an administrative order
3  to cease and desist and a proposed order assessing civil penalties against Defendant
4  Ahiga, "Amstar Service aka Amstar Services," and Amstar Service employee Alex
5  Newman[4] alleging that respondents engaged in an unlawful mortgage loan
6  modification scheme. *In the Matter of Amstar Service aka Amstar Services,*
7  *Michael Grinnell, Alex Newman*, Ore. Dept. of Consumer and Business Aff., Div.
8  of Fin. Regul. Case No. DM-19-0126 (issued May 11, 2020). On June 25, 2020,
9  the Department issued its final order to cease and desist and to pay civil penalties
10  against the respondents.[5] To date, the respondents have not paid the restitution and
11  civil penalties required by the order. Respondents also continue to advertise and
12  operate their purported mortgage loan modification services in violation of the
13  order.

14      18.    On May 25, 2021, the State of Connecticut's Banking Commissioner
15  issued an administrative order against Defendants Infocom Entertainment and
16  Dyer. The order alleged that respondents engaged in an unlawful mortgage loan
17  modification scheme. The order required respondents to pay restitution and gave
18  notice to respondents of the Banking Commissioner's intent to issue a cease and
19  desist order and impose civil penalties, and of respondents' right to a hearing. *In*
20  *the Matter of Infocom Entertainment Ltd, Inc. d/b/a Atlantic Pacific Service, et al,*

21

22

23

24  [4] Based on the administrative order, Alex Newman was employed by or associated
25  with Amstar Services as a Client Representative and was at least one consumer's
primary contact at Amstar Services.
26  [5] *Available at* https://dfr.oregon.gov/AdminOrders/enf-orders-
27  2020/Amstar%20Service%20SSig%20Final%20Order.pdf (last visited July 12,
2022).
28

- 9 -

Exhibit 1
Page 14

1  Conn. Banking Comm'r (issued May 25, 2021).[6]  Respondents did not timely
2  request a hearing and, as such, respondents were required to cease and desist, and
3  pay restitution and civil penalties.  To date, the respondents have not paid the
4  restitution and civil penalties required by the order.  Respondents also continue to
5  advertise and operate their purported mortgage loan modification services in
6  violation of the order.

7      19.    On June 25, 2021, the State of North Carolina filed a complaint,
8  motion for temporary restraining order, and motion for preliminary injunction
9  against Defendant Ahiga, "Amstar Services," and "Home Relief Services,"
10  alleging that they engaged in an unlawful mortgage loan modification and
11  foreclosure assistance scheme.  *State of North Carolina v. Grinnell, et al.*, Wake
12  Cnty. Case No. 21-CV-000775 (filed Jun. 25, 2021).[7]  On May 17, 2022, North
13  Carolina obtained a default judgment directing defendants to pay restitution and
14  civil penalties and enjoining defendants from offering mortgage relief services in
15  the state.  To date, the defendants have not paid the restitution and costs ordered by
16  the court.  Defendants also continue to advertise and operate their purported
17  mortgage loan modification services in violation of the order.

18      20.    On November 5, 2021, following an investigation into the
19  unauthorized practice of law, the State Bar of California issued a cease and desist
20  letter to Defendant South West Consulting's fictitious business name, "Home

21
22
23  ───────────────
24
25  [6] *Available at* https://portal.ct.gov/-/media/DOB/Enforcement/Consumer-
    Credit/2021-CC-Orders/Infocom-Entertainment-Dyer-Rest-NOI-CD-CP.pdf (last
26  visited July 12, 2022).
27  [7] *Available at* https://ncdoj.gov/wp-content/uploads/2021/06/Complaint-filed-
    06.25.2021-1.pdf (last visited July 12, 2022).
28

- 10 -

Exhibit 1
Page 15

1   Matters USA."[8]  The cease and desist letter provided Home Matters USA with
2   notice that its actions may violate California state statutes and constitute the
3   unauthorized practice of law.  Home Matters USA has continued the advertising
4   and operations described in the cease and desist letter.

5       21.    Despite these prior enforcement actions, Defendants continue to
6   unlawfully advertise, market, provide, offer to provide, or arrange for others to
7   provide mortgage assistance relief services, as defined in 12 C.F.R. § 1015.2.

8                           **COMMON ENTERPRISE**

9       22.    Defendants Green Equitable Solutions, also doing business as
10  Academy Home Services, South West Consulting Enterprises, Inc., also doing
11  business as Academy Home Service, Atlantic Pacific Service Group, Golden
12  Homes Services of America Enterprises, and Home Matters USA, Apex
13  Consulting & Associates Inc., also doing business as Golden Home Services
14  America and Home Matters USA Consulting, and Infocom Entertainment Ltd.,
15  Inc., also doing business as Amstar Service Group, Atlantic Pacific Service, and
16  Home Relief Service of America ("Corporate Defendants") have operated as a
17  common enterprise while engaging in the unlawful and deceptive acts and
18  practices and other violations of law alleged below.  Despite having submitted
19  dissolution paperwork with the California Secretary of State, Corporate Defendants
20  continue to operate as a common enterprise, engaging in the unlawful and
21  deceptive acts and practices and other violations of law alleged below.  For
22  example, these purportedly dissolved entities continue to register new fictitious
23
24  _____
25
26  [8] *Available at* https://www.calbar.ca.gov/Public/Discipline/Nonattorney-
27  Actions/tag/los-angeles-county/acat/2/pager/896119/page/4 (last visited July 12, 2022).
28

                                  - 11 -

Exhibit 1
Page 16

1   business names, open and close bank accounts, contact consumers regarding
2   mortgage assistance relief services, and receive consumer payments.

3       23.    Corporate Defendants have conducted and continue to conduct the
4   business practices described below through an interrelated network of companies
5   that have common ownership, officers, managers, business functions, employees,
6   and office locations, and that have comingled funds.  Corporate Defendants have
7   used and continue to use almost identical advertising, marketing, and other
8   communications directed at consumers and have blurred corporate distinctions
9   when interacting with consumers.

10      24.    Because the Corporate Defendants have operated and continue to
11  operate as a common enterprise, each of them is liable for the acts and practices
12  alleged below.  Defendants Ahiga and Dyer ("Individual Defendants") have
13  formulated, directed, controlled, had the authority to control, or participated in the
14  acts and practices of the Corporate Defendants that constitute the common
15  enterprise.  Individual Defendants have provided substantial assistance with
16  respect to the acts and practices of the Corporate Defendants that constitute the
17  common enterprise.

18                          **COMMERCE**

19      25.    At all times relevant to this Complaint, Defendants have maintained a
20  substantial course of trade in or affecting commerce, as "commerce" is defined in
21  Section 4 of the FTC Act, 15 U.S.C. § 44.

22                 **DEFENDANTS' BUSINESS ACTIVITIES**

23                          **Overview**

24      26.    From at least June of 2018 to present, Defendants, individually and
25  through the operation of the common enterprise, have engaged and continue to
26  engage in a course of conduct to advertise, market, sell, provide, offer to provide,
27
28

                              - 12 -

Exhibit 1
Page 17

1 or arrange for others to provide mortgage assistance relief services, including
2 mortgage loan modification services.

3    27.    Defendants market their services in a variety of ways, including over
4 the phone and online through their websites.

5    28.    Defendants prey on financially distressed homeowners by luring them
6 to sign up for mortgage assistance relief services with promises that, in
7 approximately three months, Defendants will negotiate a modification to the terms
8 of their mortgage loan that will substantially reduce their monthly mortgage
9 payments and the total amount they will be required to pay their mortgage lender.
10 In numerous instances, Defendants and their representatives have told and continue
11 to tell consumers expressly or by implication that Defendants are associated with
12 government mortgage relief programs, including federal COVID-19 relief
13 programs.

14    29.    Defendants charge consumers up-front fees for their services in the
15 form of monthly payments.  The payments Defendants collect from consumers
16 range from $500 to $2,900 per month.  Defendants charge consumers fees before
17 obtaining any modification or settlement offers from lenders.

18    30.    In numerous instances, Defendants have instructed and continue to
19 instruct consumers who have purchased Defendants' services not to make
20 payments to their mortgage lender.  Defendants tell consumers not to communicate
21 with their mortgage lenders and insist that Defendants will handle all
22 communications with their lenders going forward.

23    31.    Despite promises that Defendants would negotiate home loan
24 modifications in approximately three months, Defendants have not done so.
25 Instead, Defendants string consumers along by telling the consumer that they need
26 more time or more documents from the homeowner to secure the home loan
27 modification.

28

- 13 -

Exhibit 1
Page 18

1     32.    In fact, in numerous instances, Defendants have failed to obtain any

2 relief at all for their customers.  Many consumers have incurred substantial interest

3 charges and other penalties from making payments to Defendants instead of their

4 mortgage lenders.  As a consequence, many consumer's credit ratings have been

5 negatively affected, and some consumers have had their homes put in foreclosure.

6                             **The Sales Pitch**

7     33.    Defendants initiate contact with consumers in many ways.

8 Defendants make unsolicited outbound telemarketing calls, including calls to

9 telephone numbers registered with the National Do Not Call Registry at the time

10 the calls are made.  Defendants also send unsolicited text messages to consumers

11 advertising their services.  Defendants advertise via websites and social media

12 posts where they direct consumers to call or email to sign-up for Defendants'

13 services as well.

14     34.    Defendants tell consumers that they can work with the consumer's

15 mortgage lender to modify the terms of the consumer's home loan by substantially

16 lowering the interest rate and/or the outstanding principal balance, thereby

17 substantially reducing both the monthly payment amount and the total amount the

18 consumer will be required to pay over the life of the mortgage.

19     35.    Defendants represent that they are experts who know how to negotiate

20 and obtain home loan modifications to make homeowners' mortgage payments

21 more affordable.  For example, one of Defendants' websites, at times relevant to

22 this Complaint, stated, "Experience and Relationships:  Having the knowledge and

23 business acumen to create concise documentation that will get approved is where

24 are [*sic*] Professional expertise saves you MONEY."  Golden Home Services

25 America Home Page, www.GoldenHomeServicesAmerica.com, last visited

26 November 11, 2021.

27

28

- 14 -

Exhibit 1
Page 19

1    36.    In numerous instances, Defendants have told and continue to tell
2  consumers expressly or by implication that Defendants are associated or affiliated
3  with government mortgage relief programs.  For instance, in numerous instances,
4  Defendants have told and continue to tell consumers that they are eligible for
5  federal homeowner assistance programs, including benefit programs related to
6  COVID-19 relief, and that, if the consumers sign up for Defendants' services,
7  Defendants will enroll them in such programs.  As an example, one of Defendants'
8  websites contains a video of a cartoon avatar that states, "My name is Lawrence
9  Smith.  I was way back on my mortgage payments due to this pandemic. . . .  [I
10  was] in a severe depression, in crisis.  Then I found Academy Home Services.
11  They were working with COVID Care forgiveness plans 'slash' government-
12  backed hardship program.  [*sic*]  . . .  They didn't only help me to get the best
13  interest rate with lower mortgage payments, which are way too affordable, my past
14  dues were forgiven . . ."  Academy Home Service Home Page,
15  www.AcademyHomeService.com, last visited July 12, 2022.

16    37.    In numerous instances, Defendants have told and continue to tell
17  consumers that Defendants can guarantee a loan modification resulting in
18  substantially lower monthly and overall mortgage payments in approximately three
19  months.  For example, Defendants tell consumers that Defendants offer a money-
20  back guarantee and only do so because Defendants will be able to modify the
21  consumer's mortgage.  As another example, Defendants tell consumers that the
22  loan modifications Defendants offer are guaranteed because they are associated
23  with government mortgage relief programs, including programs related to COVID-
24  19 relief.  In reality, however, Defendants are not associated with, approved by, or
25  affiliated with such programs.

26    38.    In numerous instances, Defendants' general commercial
27  communications, such as their websites, have not clearly and prominently

28

- 15 -

Exhibit 1
Page 20

1  contained and do not clearly and prominently contain the following required
2  disclosures as required by the MARS Rule, 12 C.F.R. § 1015.4(a)(1)-(2):

3       (a)   "[Name of Defendant] is not associated with the government,
4             and our service is not approved by the government or your lender;"
5             and
6       (b)   "Even if you accept this offer and use our service, your lender
7             may not agree to change your loan."

8  For example, Defendants' websites www.AcademyHomeService.com,
9  www.GoldenHomeServicesAmerica.com, and www.HomeMattersUSA.com have
10 not included these disclosures.

11      39.   Defendants tell consumers that, to obtain Defendants' services,
12 consumers will have to submit monthly up-front payments to Defendants.  In
13 numerous instances, Defendants have told and continue to tell consumers that the
14 first payment is a deposit required to lock-in the consumer's lower interest rate.

15      40.   In numerous instances, Defendants have told and continue to tell
16 consumers that for Defendants' loan modification services to be successful, the
17 consumer must stop making their monthly payments to their mortgage lender and
18 must stop communicating with their mortgage lender.

19
20
21
22
23
24
25
26
27
28

- 16 -

Exhibit 1
Page 21

**Post-Sales Pitch Communications**

41.    In numerous instances, after the initial sales pitch, Defendants have emailed and continue to email consumers additional information to bolster their claims about the savings consumers can expect to receive if the consumer signs up for Defendants' loan modification services.  Below is an example of the information Defendants email to consumers shortly after the initial sales pitch:

| | |
|---|---|
| OCWEN LOAN WAS AT: | $ 2,704.00 |
| WE HAD THEM APPROVED AT: | $ 2,158.00 |
| **MONTHLY SAVINGS OF:** | **$ 546.00** |

| | |
|---|---|
| PENNY MAC LOAN WAS AT: | $ 1,302.70 |
| WE HAD THEM APPROVED AT: | $ 838.35 |
| **MONTHLY SAVINGS OF:** | **$ 464.35** |

These are just samples of the HUNDREDS of Homeowners which we have HELPED To SAVE MONEY.

**We Beat the SYSTEM, we do not get BEAT by the System.**

42.    To sign up for Defendants' services, in numerous instances, consumers are required to sign a document titled "OFFER," which contains a prepopulated, lower modified loan and interest payment.  The OFFER document leads many consumers to believe that these are new payment terms on their loans and all they have to do is to sign the document and make required up-front payments to Defendants to accept the terms.  In numerous instances, Defendants' cover email that encloses the OFFER expressly tells consumers that, if they sign up for Defendants' services, the consumer's mortgage loan cannot be collected on, the consumer's home cannot be foreclosed upon, and the consumer's credit score cannot be impacted.  An excerpt of such a cover email and OFFER a consumer received is shown below.

**Exhibit 1
Page 22**

1



**From:** "Jasmine Silva" <jasmine@goldenhomeservicesamerica.com>
**To:**
**Sent:** Wed, Sep 15, 2021 at 6:10 PM
**Subject:** Loan Approval Documents

Greetings,

Congratulations on your lowered HOME LOAN.
I have attached the following documents to this email:

1) The formal proposal, settlement terms, and invoice.

2) The prepaid Fed-Ex label, (just get FEDEX Envelope).

3) Payment Installment Plan.

I have enclosed the NEW OFFER for your loan.

Please fill out and sign the documents within the proposal packet in blue or black ink and mail them, along with the retainer fee, using the provided label.

Immediately after receiving your documents, a Qualified Written Request will be filed on your behalf which will initiate a deferment of your loan and place it in a freeze for the duration of the restructure process, which TAKES 120 days.

During said time, your loan cannot be collected on, you cannot be foreclosed upon, and your credit score cannot be impacted. This is under the Dual Tracking Law.

Please let me know when you place the documents in the mail so that I can notify the processing and legal team as to the activation of your file and prepare for the arbitration process.
Thank You

**Jasmine Silva | Customer Case Executive**

**Golden Home Services America**

3100 Wilshire Blvd Suite # 900-38

Los Angeles, CA 90010

- 18 -

Exhibit 1
Page 23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONGRATULATIONS WE HAVE ACCEPTED TO REPRESENT YOUR CASE:**

Loan Number:

Property Address:

Dear Borrower[s]:

Congratulations, based on our review, it seems that you are a good candidate for our lender/servicer complaint program which may result in a favorable settlement outcome.

If you choose to accept our service offer we will initiate our service to file a federal regulatory complaint against your lender/servicer.

The enclosed service offer will outline the proposed settlement terms requested by your lender/servicer.

**To Accept This Service Offer:**

➢ **Read, Review, Sign and Return the Proposed Settlement Terms Form**

➢ **Read, Review, Sign and Return the Terms and Conditions Fee Agreement**

➢ **Make the retainer fee agreement payment to get started!**

**ACCEPT THIS SERVICE OFFER BY:** <u>SEPTEMBER 15TH, 2021</u>

If you do not complete and send the above/attached forms by the above date, you must contact us if you still wish to be considered for the lender/servicer complaint program.

**To better understand the proposed settlement terms, please review the attached immediately.**

Don't delay—take advantage of this great service offer by **Golden Home Services America:**

Sincerely,

**Derek Sullivan**
Client Representative

Attachments:
1) Proposed Settlement Terms,
2) Terms and Conditions Fee Agreement,
3) Invoice,
4) Money Back Guarantee FAX Coversheet.

Pg# 1

– 19 –

Exhibit 1
Page 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18



| Property Address: | |
| City, State: | |
| Zip: | |
| Loan number: | |

| CURRENT TERMS: | 1st Mortgage |
| --- | --- |
| Loan Type | ASSIGNED |
| Principal Balance: | |
| Terms: | ASSIGNED |
| Interest Rate (APR): | 4.8750000000% |
| Principal & Interest (P&I) | $1,185.58 |
| Escrow: | INCL |

| PROPOSED SETTLEMENT TERMS: | 1st Mortgage |
| --- | --- |
| Loan Type (FIXED RATE MORTGAGE) | ASSIGNED |
| Principal Balance: | |
| Terms: | REMAINING/ASSIG |
| Interest Rate (APR): | 1.73250000% |
| Principal & Interest (P&I) | $517.91 |
| Escrow: | $131.10 |
| Total Monthly Payment: | $649.01 |
| Monthly Savings: | $536.57 |
| Annual Savings: | $7,788.12 |
| Saving in First 5 Years: | $38,940.61 |

| Relinquished Amount: Arrears (ARREARS) | (ARREARS) |
| Principal Balance Reduction: *PARTIAL CLAIM | *PARTIAL CLAIM |

Pg# 2

19    43.    In numerous instances, Defendants have requested and continue to

20  request that consumers sign a cease and desist letter demanding that the

21  consumer's mortgage servicer cease all contact with the consumer, to contact the

22  consumer only if Defendants give the mortgage servicer permission to do so, and

23  to direct all communication regarding the consumer to Defendants.  Such cease and

24  desist letters, when provided by Defendants to consumers' mortgage companies,

25  further prolong Defendants' scheme by ensuring that consumers do not receive

26  notices of missed or late payments from their mortgage companies.

27

28

- 20 -

Exhibit 1
Page 25

44.     In numerous instances, Defendants have told and continue to tell consumers that they will not begin receiving Defendants' services until the consumer signs Defendants' contract and pays the up-front fee for Defendants' service.

### Post-Sign Up

45.     Defendants collect consumers' monthly payments through a variety of methods, including via Stripe, Zelle, bank wire transfers, and/or cashier's checks, personal checks, and money orders sent using prepaid FedEx envelopes provided by Defendants.

46.     Defendants request and receive payment of fees before consumers execute written agreements with the consumers' mortgage company or servicer that incorporate the offer of mortgage assistance relief Defendants obtained, if at all, from the consumer's mortgage company or servicer.

47.     In numerous instances, consumers who have purchased Defendants' services have suffered and continue to suffer significant economic injury, including:  paying hundreds or thousands of dollars to Defendants and receiving little or no services in return; experiencing significant reductions in their credit scores; having their homes placed in foreclosure; and even losing their homes entirely.

48.     In numerous instances, after consumers have enrolled in Defendants' programs and paid the requested advance fees, Defendants have failed to obtain any loan modification, principal reduction, or other relief to make consumers' mortgage payments more affordable at all.

49.     Based on the facts and violations of law alleged in this Complaint, the FTC and DFPI have reason to believe that Defendants are violating or are about to violate laws enforced by the FTC and the DFPI.

- 21 -

**Exhibit 1**
**Page 26**

**THE FTC ACT**

50.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

51.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

**THE CCFPL**

52.     Under the CCFPL, it is unlawful for a "covered person" to "[e]ngage, have engaged, or propose to engage in any unlawful, unfair, deceptive, or abusive act or practice with respect to consumer financial products or services." Cal. Fin. Code § 90003(a)(1).

53.     A "covered person" includes "[a]ny person that engages in offering or providing a consumer financial product or service to a resident of this state" as well as "[a]ny affiliate of a person . . . if the affiliate acts as a service provider to the person," and "[a]ny service provider to the extent that the person engages in the offering or provision of its own consumer financial product or service." Cal. Fin. Code § 90005(f).

54.     A "person" is "an individual, corporation, business trust, estate, trust, partnership, proprietorship, syndicate, limited liability company, association, joint venture, government, governmental subdivision, agency or instrumentality, public corporation or joint stock company, or any other organization or legal or commercial entity." Cal. Fin Code § 90005(m).

55.     A "consumer financial product or service" includes a "financial product or service that is delivered, offered, or provided for use by consumers primarily for personal, family, or household purposes." Cal. Fin. Code § 90005(e)(1).

56.     A "financial product or service" includes, among other things, "[p]roviding financial advisory services . . . including . . . [p]roviding services to

- 22 -

**Exhibit 1
Page 27**

1   assist a consumer with debt management or debt settlement, modifying the terms

2   of any extension of credit, or avoiding foreclosure." Cal. Fin. Code §

3   90005(k)(8)(B).

4      57.   The CCFPL also provides that it is unlawful for any person to

5   knowingly or recklessly provide substantial assistance to a covered person or

6   service provider in violation of California Financial Code section 90003(a), or any

7   rule or order issued thereunder, and that the provider of that substantial assistance

8   shall be deemed to be in violation of that section to the same extent as the person to

9   whom that assistance is provided. Cal. Fin. Code § 90003(b).

10   <u>**Count I**</u>

11   **Deceptive Representations in Violation of the FTC Act and the CCFPL**

12      58.   In numerous instances, in connection with the advertising, marketing,

13   promotion, offering for sale, sale, or performance of mortgage assistance relief

14   services, Defendants represent, directly or indirectly, expressly or by implication

15   that:

16         (a)   Defendants will obtain mortgage loan modifications for

17             consumers that will make consumers' payments substantially

18             more affordable, will substantially lower their interest rates, or

19             will substantially lower their principal amount due;

20         (b)   Defendants are affiliated with, endorsed or approved by, or

21             otherwise associated with the United States government, a

22             governmental homeowner assistance plan, or a Federal, State,

23             or local government agency, unit, or department;

24         (c)   the consumers who purchase Defendants' services are not

25             obligated to, or should not, make scheduled periodic payments

26             or any other payments pursuant to the terms of the consumer's

27             dwelling loan;

28

- 23 -

**Exhibit 1**
**Page 28**

1          (d)  the consumers who purchase Defendants' services are protected

2                 from foreclosure and cannot be foreclosed on while paying for

3                 Defendants' services; and/or

4          (e)  Defendants' services are subject to a "money-back" guarantee

5                 in which consumers will receive all of their money back if

6                 Defendants are unsuccessful in accomplishing any represented

7                 mortgage loan modification services or result.

8    59.   In truth and in fact:

9          (a)  In numerous instances, Defendants do not obtain mortgage loan

10                modifications for consumers that will make consumers'

11                payments substantially more affordable, will substantially lower

12                their interest rates, or will substantially lower their principal

13                amount due;

14          (b)  Defendants are not and have not been affiliated with, endorsed

15                or approved by, or otherwise associated with the United States

16                government, a governmental homeowner assistance plan, or a

17                Federal, State, or local government agency, unit, or department;

18          (c)  the consumer who purchased Defendants' services continue to

19                be obligated to make scheduled periodic payments or any other

20                payments pursuant to the terms of the consumer's dwelling

21                loan;

22          (d)  the consumer who purchased Defendants' service is not

23                protected from foreclosure while paying for Defendants'

24                services; and

25          (e)  In numerous instances, Defendants do not refund the

26                consumer's payments if Defendants are unsuccessful in

27

28

Exhibit 1
Page 29

1              accomplishing any represented mortgage loan modification

2              service or result.

3      60.     Therefore, Defendants' representations as set forth in Paragraph 58

4 are false and misleading and constitute deceptive acts or practices in violation of

5 Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

6      61.     Moreover, Defendants' representations as set forth in Paragraph 58

7 constitute deceptive acts or practices with respect to a consumer financial product

8 or service, to wit, assisting a consumer with modifying the terms of any extension

9 of credit, or avoiding foreclosure, in violation of Cal. Fin. Code § 90003(a)(1).

10                  **THE MARS RULE (REGULATION O)**

11      62.     In 2009, Congress directed the FTC to prescribe rules prohibiting

12 unfair or deceptive acts or practices with respect to mortgage loans. Omnibus Act,

13 § 626, 123 Stat. 678, as clarified by Credit Card Act, § 511, 123 Stat. 1763-64.

14 Pursuant to that direction, the FTC promulgated the MARS Rule, 16 C.F.R. Part

15 322, all but one of the provisions of which became effective on December 29,

16 2010. Title X of the Dodd-Frank Act, 124 Stat. 1376, transferred the FTC's

17 rulemaking authority under the Omnibus Act, as amended, to the Consumer

18 Financial Protection Bureau ("CFPB"). On December 16, 2011, the CFPB

19 republished the MARS Rule as Regulation O, 12 C.F.R. Part 1015.

20      63.     The MARS Rule (Regulation O) defines "mortgage assistance relief

21 services" as "any service, plan, or program, offered or provided to the consumer in

22 exchange for consideration, that is represented, expressly or by implication, to

23 assist or attempt to assist the consumer with any of the following: (1) Stopping,

24 preventing, or postponing any mortgage or deed of trust foreclosure sale for the

25 consumer's dwelling, any repossession of the consumer's dwelling, or otherwise

26 saving the consumer's dwelling from foreclosure or repossession; (2) Negotiating,

27 obtaining, or arranging a modification of any term of a dwelling loan, including a

28

**Exhibit 1**
**Page 30**

1  reduction in the amount of interest, principal balance, monthly payments, or fees;
2  (3) Obtaining any forbearance or modification in the timing of payments from any
3  dwelling loan holder or servicer on any dwelling loan; (4) Negotiating, obtaining,
4  or arranging any extension of the period of time within which the consumer may:
5  (i) Cure his or her default on a dwelling loan, (ii) Reinstate his or her dwelling
6  loan, (iii) Redeem a dwelling, or (iv) Exercise any right to reinstate a dwelling loan
7  or redeem a dwelling; (5) Obtaining any waiver of an acceleration clause or
8  balloon payment contained in any promissory note or contract secured by any
9  dwelling; or (6) Negotiating, obtaining or arranging: (i) A short sale of a dwelling,
10 (ii) A deed-in-lieu of foreclosure, or (iii) Any other disposition of a dwelling other
11 than a sale to a third party who is not the dwelling loan holder." 12 C.F.R. §
12 1015.2.  The MARS Rule (Regulation O), in turn, defines "mortgage assistance
13 relief service provider" as "any person that provides, offers to provide, or arranges
14 for others to provide, any mortgage assistance relief service" other than the
15 dwelling loan holder, the servicer of a dwelling loan, or any agent or contractor of
16 such individual or entity.  *Id.*

17      64.     The MARS Rule (Regulation O) defines "dwelling loan" as "any loan
18 secured by a dwelling, and any associated deed of trust or mortgage." *Id.*  The
19 MARS Rule (Regulation O) also defines "dwelling loan holder" as "any individual
20 or entity who holds the dwelling loan that is the subject of the offer to provide
21 mortgage assistance relief services." *Id.*

22      65.     The MARS Rule (Regulation O) prohibits any mortgage assistance
23 relief service provider from requesting or receiving payment of any fee or other
24 consideration until the consumer has executed a written agreement between the
25 consumer and the consumer's dwelling loan holder or servicer that incorporates the
26 offer of mortgage assistance relief that the provider obtained from the consumer's
27 dwelling loan holder or servicer. 12 C.F.R. § 1015.5(a).

28

- 26 -

Exhibit 1
Page 31

66.   The MARS Rule (Regulation O) prohibits any mortgage assistance relief service provider from representing, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, that a consumer cannot or should not contact or communicate with his or her lender or servicer.  12 C.F.R. § 1015.3(a).

67.   The MARS Rule (Regulation O) prohibits any mortgage assistance relief service provider from misrepresenting, expressly or by implication, any material aspect of any mortgage assistance relief service, including but not limited to:

      (a)   the likelihood of negotiating, obtaining, or arranging any represented service or result.  12 C.F.R. § 1015.3(b)(1);

      (b)   the amount of time it will take the mortgage assistance relief service provider to accomplish any represented service or result.  12 C.F.R. § 1015.3(b)(2);

      (c)   that a mortgage assistance relief service is affiliated with, endorsed or approved by, or otherwise associated with (i) the United States government, (ii) any governmental homeowner assistance plan, (iii) any Federal, State, or local government agency, unit, or department, (iv) any nonprofit housing counselor agency or program, (v) the maker, holder, or servicer of the consumer's dwelling loan, or (vi) any other individual, entity, or program.  12 C.F.R. § 1015.3(b)(3)(i)-(vi); and

      (d)   the consumer's obligation to make scheduled periodic payments or any other payments pursuant to the terms of the consumer's dwelling loan.  12 C.F.R. § 1015.3(b)(4).

Exhibit 1
Page 32

1      68.    The MARS Rule (Regulation O) prohibits any mortgage assistance
2 relief service provider from failing to place a statement clearly and prominently in
3 every general commercial communication disclosing that (i) the provider is not
4 associated with the government and its service is not approved by the government
5 or any lender, and (ii) in certain cases, a statement disclosing that the lender may
6 not agree to modify a loan, even if the consumer uses the provider's service.  12
7 C.F.R. §§ 1015.4(a)(1)-(3).

8      69.    The MARS Rule (Regulation O) prohibits any mortgage assistance
9 relief service provider from failing to place a statement clearly and prominently in
10 every consumer-specific commercial communication (i) confirming that the
11 consumer may stop doing business with the provider or reject an offer of mortgage
12 assistance without having to pay for the services, (ii) disclosing that the provider is
13 not associated with the government and its service is not approved by the
14 government or any lender, and (iii) in certain cases, a statement disclosing that the
15 lender may not agree to modify a loan, even if the consumer uses the provider's
16 service, and  (iv) in certain cases, a statement disclosing that if they stop paying
17 their mortgage, consumers may lose their home or damage their credit.  12 C.F.R.
18 §§ 1015.4(b)(1)-(4) and (c).

19      70.    Pursuant to the Omnibus Act, § 626, 123 Stat. 678, as clarified by the
20 Credit Card Act, § 511, 123 Stat. 1763-64 and amended by the Dodd-Frank Act,
21 § 1097, 124 Stat. 2102-03, 12 U.S.C. § 5538, and pursuant to Section 18(d)(3) of
22 the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the MARS Rule (Regulation O)
23 constitutes an unfair or deceptive act or practice in or affecting commerce in
24 violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and shall be treated as
25 a violation of a rule under Section 18 of the FTC Act, 15 U.S.C. § 57a regarding
26 unfair or deceptive acts or practices.

27

28

- 28 -

Exhibit 1
Page 33

## Count II

### Advance Payments for Mortgage Assistance Relief Services in Violation of the MARS Rule (Regulation O) and the CCFPL

71.     In numerous instances, in the course of providing, offering to provide, or arranging for others to provide mortgage assistance relief services, Defendants ask for or receive payment before consumers have executed a written agreement between the consumer and the dwelling loan holder or servicer that incorporates the offer of mortgage assistance relief that the Defendants obtained from the consumer's dwelling loan holder or servicer, in violation of the MARS Rule (Regulation O), 12 C.F.R. § 1015.5(a).

72.     Moreover, Defendants' violations of law as set forth in Paragraph 71 constitute unlawful acts or practices with respect to a consumer financial product or service, to wit, assisting a consumer with modifying the terms of any extension of credit, or avoiding foreclosure, in violation of Cal. Fin. Code § 90003(a)(1).

### Count III

### Prohibited Representations in Violation of the MARS Rule (Regulation O) and the CCFPL

73.     In numerous instances, in the course of providing, offering to provide, or arranging for others to provide mortgage assistance relief services, Defendants, in violation of the MARS Rule (Regulation O), 12 C.F.R. § 1015.3(a), represent, expressly or by implication, that a consumer cannot or should not contact or communicate with his or her lender or servicer.

74.     Moreover, Defendants' violations of law as set forth in Paragraph 73 constitute unlawful acts or practices with respect to a consumer financial product or service, to wit, assisting a consumer with modifying the terms of any extension of credit, or avoiding foreclosure, in violation of Cal. Fin. Code § 90003(a)(1).

Exhibit 1
Page 34

## Count IV

## Material Misrepresentations in Violation of the

## MARS Rule (Regulation O) and the CCFPL

75.     In numerous instances, in the course of providing, offering to provide, or arranging for others to provide mortgage assistance relief services, Defendants, in violation of the MARS Rule (Regulation O), 12 C.F.R. §§ 1015.3(b)(1)-(4), misrepresent, expressly or by implication, material aspects of their services, including, but not limited to:

      (a)  Defendants' likelihood of obtaining mortgage loan modifications for consumers that will make their payments substantially more affordable;

      (b)  The amount of time it will take Defendants to accomplish any represented service or result;

      (c)  Defendants are affiliated with, endorsed or approved by, or otherwise associated with:

          (i)    the United States government,

          (ii)   any governmental homeowner assistance plan, and

          (iii)  any Federal, State, or local government agency, unit, or department; and

      (d)  The consumer's obligation to make scheduled periodic payments or any other payments pursuant to the terms of the consumer's dwelling loan.

76.     Moreover, Defendants' material misrepresentations as set forth in Paragraph 75 constitute unlawful and deceptive acts or practices with respect to a consumer financial product or service, to wit, assisting a consumer with modifying the terms of any extension of credit, or avoiding foreclosure, in violation of Cal. Fin. Code § 90003(a)(1).

- 30 -

Exhibit 1
Page 35

## Count V

### Failure to Disclose in Violation of the

### MARS Rule (Regulation O) and the CCFPL

77.     In numerous instances, in the course of providing, offering to provide, or arranging for others to provide mortgage assistance relief services, Defendants, in violation of the MARS Rule, fail to clearly and prominently make the following disclosures:

    (a)   in all general commercial communications –

        (1)   "[Name of Company] is not associated with the government, and our service is not approved by the government or your lender," in violation of the MARS Rule (Regulation O), 12 C.F.R. § 1015.4(a)(1); and

        (2)   "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of the MARS Rule (Regulation O), 12 C.F.R. § 1015.4(a)(2);

    (b)   in all consumer-specific commercial communications –

        (1)   "You may stop doing business with us at any time.  You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer].  If you reject the offer, you do not have to pay us.  If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services," in violation of the MARS Rule (Regulation O), 12 C.F.R. § 1015.4(b)(1);

        (2)   "[Name of company] is not associated with the government, and our service is not approved by the

- 31 -

Exhibit 1
Page 36

1                          government or your lender," in violation of the MARS

2                          Rule (Regulation O), 12 C.F.R. § 1015.4(b)(2);

3                (3)    "Even if you accept this offer and use our service, your

4                          lender may not agree to change your loan," in violation

5                          of the MARS Rule (Regulation O), 12 C.F.R.

6                          § 1015.4(b)(3); and

7                (4)    "If you stop paying your mortgage, you could lose your

8                          home and damage your credit," in violation of the MARS

9                          Rule (Regulation O), 12 C.F.R. § 1015.4(c).

10     78.    Moreover, Defendants' violations of law as set forth in Paragraph 77

11 constitute unlawful acts or practices with respect to a consumer financial product

12 or service, to wit, assisting a consumer with modifying the terms of any extension

13 of credit, or avoiding foreclosure, in violation of Cal. Fin. Code § 90003(a)(1).

14                     **THE TELEMARKETING SALES RULE**

15     79.    In 1994, Congress directed the FTC to prescribe rules prohibiting

16 abusive and deceptive telemarketing acts or practices pursuant to the

17 Telemarketing Act, 15 U.S.C. §§ 6101-6108. The FTC adopted the original TSR

18 in 1995, extensively amended it in 2003, and amended certain provisions

19 thereafter. 16 C.F.R. Part 310.

20     80.    The 2003 amendments to the TSR established a national do-not-call

21 registry (the "National Do Not Call Registry"), a list of consumers who do not

22 wish to receive certain types of telemarketing calls. Consumers can register their

23 telephone numbers on the National Do Not Call Registry without charge either

24 through a toll-free telephone call or at www.donotcall.gov. The National Do Not

25 Call Registry is maintained by the FTC.

26     81.    The TSR prohibits sellers and telemarketers from initiating outbound

27 telephone calls to numbers on the National Do Not Call Registry unless the seller

28

Exhibit 1
Page 37

1  (1) has obtained the consumer's express agreement, in writing, to place such calls,
2  or (2) has an established business relationship with that consumer, and the
3  consumer has not stated that he or she does not wish to receive such calls. 16
4  C.F.R. § 310.4(b)(1)(iii)(B).

5      82.    The TSR prohibits sellers and telemarketers from initiating outbound
6  telephone calls to any consumer when that consumer previously has stated that he
7  or she does not wish to receive an outbound telephone call made by or on behalf of
8  the seller whose goods or services are being offered, or made by or on behalf of the
9  charitable organization for which a charitable contribution is being solicited. 16
10 C.F.R. § 310.4(b)(1)(iii)(A).

11     83.    The TSR defines a seller as "any person who, in connection with a
12 telemarketing transaction, provides, offers to provide, or arranges for others to
13 provide goods or services to the customer in exchange for consideration." 16
14 C.F.R. § 310.2(dd).

15     84.    The TSR defines a telemarketer as "any person who, in connection
16 with telemarketing, initiates or receives telephone calls to or from a customer or
17 donor." 16 C.F.R. § 310.2(ff).

18     85.    The TSR defines an outbound telemarketing call as a "telephone call
19 initiated by a telemarketer to induce the purchase of goods or services or to solicit
20 a charitable contribution." 16 C.F.R. § 310.2(x).

21     86.    The TSR defines telemarketing as "a plan, program, or campaign
22 which is conducted to induce the purchase of goods or services or a charitable
23 contribution, by use of one or more telephones and which involves more than one
24 interstate telephone call." 16 C.F.R. § 310.2(gg).

25     87.    The FTC allows sellers, telemarketers, and other permitted
26 organizations to access the National Do Not Call Registry at

27

28

- 33 -

Exhibit 1
Page 38

1   www.telemarketing.donotcall.gov, to pay the fee(s) if required by the TSR, and to
2   download a list of numbers that are prohibited from being called.

3       88.     The TSR prohibits sellers and telemarketers from calling any
4   telephone number within a given area code unless the seller on whose behalf the
5   call is made has paid the annual fee for access to the telephone numbers within that
6   area code that are included in the National Do Not Call Registry.  16 C.F.R.
7   § 310.8.  Consumers who receive telemarketing calls to their registered numbers
8   can complain of National Do Not Call Registry violations the same way they
9   registered, through a toll-free telephone call or at www.donotcall.gov, or by
10  otherwise contacting law enforcement authorities.

11      89.     Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C.
12  § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation
13  of the TSR constitutes an unfair or deceptive act or practice in or affecting
14  commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

15      90.     Defendants are "seller[s]" or "telemarketer[s]" engaged in
16  "telemarketing" as those terms are defined in the TSR, 16 C.F.R. § 310.2(dd), (ff),
17  and (gg).

18      91.     Defendants initiated outbound telephone calls to consumers in the
19  United States to induce the purchase of Defendants' services and did so without the
20  express agreement of or an established business relationship with the consumers
21  they were calling.

22      92.     Defendants engage in telemarketing by a plan, program, or campaign
23  conducted to induce the purchase of goods or services by use of one or more
24  telephones and which involves more than one interstate telephone call.

25
26
27
28

- 34 -

Exhibit 1
Page 39

**Count VI**

**Calls in Violation of National Do Not Call Registry in Violation of**

**the TSR and the CCFPL**

93.     In connection with telemarketing, Defendants initiate or cause others to initiate numerous outbound telephone calls to consumers who have registered their telephone numbers on the National Do Not Call Registry in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B).

94.     Moreover, Defendants' violations of law as set forth in Paragraph 93 constitute unlawful acts or practices with respect to a consumer financial product or service, to wit, assisting a consumer with modifying the terms of any extension of credit, or avoiding foreclosure, in violation of Cal. Fin. Code § 90003(a)(1).

**Count VII**

**Failure to Pay Required Fee for Access to the National Do Not Call Registry**

**in Violation of the TSR and the CCFPL**

95.     In connection with telemarketing, Defendants initiate or cause others to initiate numerous outbound telephone calls to telephone numbers within a given area code when Defendants had not, either directly or through another person, paid the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry, in violation of the TSR, 16 C.F.R. § 310.8.

96.     Moreover, Defendants' violations of law as set forth in Paragraph 95 constitute unlawful acts or practices with respect to a consumer financial product or service, to wit, assisting a consumer with modifying the terms of any extension of credit, or avoiding foreclosure, in violation of Cal. Fin. Code § 90003(a)(1).

**THE COVID-19 CONSUMER PROTECTION ACT**

97.     Enacted on December 27, 2020, the CCPA makes it unlawful, for the duration of the public health emergency declared on January 31, 2020, pursuant to

- 35 -

**Exhibit 1
Page 40**

1  Section 319 of the Public Health Service Act, for any person, partnership, or
2  corporation to "engage in a deceptive act or practice in or affecting commerce in
3  violation of Section 5(a) of the [FTC] Act (15 U.S.C. 45(a)) that is associated with
4  . . . (2) a government benefit related to COVID-19."  Public Law 116-260, 134 Stat
5  1182, Title XIV, Section 1401(b)(2).

6        98.    The CCPA provides that "[a] violation of subsection (b) shall be
7  treated as a violation of a rule defining an unfair or deceptive act or practice
8  prescribed under Section 18(a)(1)(B) of the [FTC] Act (15 U.S.C. § 57a(a)(1)(B))."
9  *Id*. at Section 1401(c)(1).

10                              **Count VIII**
11  **Deceptive Act Associated with Government Benefits Related to COVID-19 in**
12                **Violation of the CCPA and the CCFPL**

13       99.    In numerous instances, in connection with the advertising, marketing,
14  promotion, offering for sale, or sale of mortgage assistance relief services,
15  Defendants represent, directly or indirectly, expressly or by implication that
16  Defendants are associated with government mortgage relief programs related to
17  COVID-19.

18       100.   In truth and in fact, Defendants are not associated with government
19  mortgage relief programs related to COVID-19.

20       101.   Therefore, Defendants' representations as set forth in Paragraph 99
21  are false and misleading and constitute a deceptive act or practice in violation of
22  Section 1401(b)(2) of the CCPA.

23       102.   Moreover, Defendants' misrepresentations as set forth in Paragraph
24  99 constitute unlawful and deceptive acts or practices with respect to a consumer
25  financial product or service, to wit, assisting a consumer with modifying the terms
26  of any extension of credit, or avoiding foreclosure, in violation of Cal. Fin. Code
27  § 90003(a)(1).

28

                                  - 36 -

Exhibit 1
Page 41

**CONSUMER INJURY**

103.   Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the MARS Rule (Regulation O), the TSR, the CCPA, and California state law.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs request that the Court:

A.   Grant preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action, and to preserve the possibility of effective final relief, including a temporary and preliminary injunction, an order freezing assets, and appointment of a receiver;

B.   Enter a permanent injunction to prevent future violations of the FTC Act, the MARS Rule (Regulation O), the TSR, the CCPA, and the CCFPL by Defendants;

C.   Award refunds and restitution as provided by the CCFPL, Cal. Fin. Code § 90012(b);

D.   Impose monetary penalties as provided by the CCFPL, Cal. Fin. Code § 90012(b)(1), (c);

E.   Impose monetary relief and other relief within the Court's power to grant, including restitution or the refund of money; and

F.   Award any additional relief as the Court determines to be just and proper.

**Exhibit 1**
**Page 42**

1  **FOR PLAINTIFF FEDERAL TRADE COMMISSION**

2

3                              Respectfully submitted,

4   Dated: September 12, 2022

5                              MILES D. FREEMAN
                               mfreeman@ftc.gov
6                              KARINA A. LAYUGAN
                               klayugan@ftc.gov
7                              CARLA L. CHEUNG
                               ccheung1@ftc.gov
8                              Federal Trade Commission
9                              10990 Wilshire Boulevard., Suite 400
                               Los Angeles, CA 90024
10                             Tel: (310) 824-4300
                               Fax: (310) 824-4380
11

12                             *Attorneys for Plaintiff Federal Trade Commission*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 38 -

Exhibit 1
Page 43

1  **FOR PLAINTIFF CALIFORNIA DEPARTMENT OF FINANCIAL**

2  **PROTECTION AND INNOVATION**

3

4  Respectfully submitted,

5  Dated:  September 12, 2022

6  TAYLOR STEINBACHER

7  Taylor.Steinbacher@dfpi.ca.gov
   LOUIS LAVERONE

8  Louis.Laverone@dfpi.ca.gov
   California Department of Financial Protection &

9  Innovation
   320 West 4th Street, Suite 750

10  Los Angeles, CA 90013
    Tel: (213) 576-7500

11  Fax: (213) 576-7181

12  *Attorneys for Plaintiff California Department of*

13  *Financial Protection & Innovation*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-39 -

**Exhibit 1
Page 44**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Federal Trade Commission; and California Department of Financial Protection & Innovation | Green Equitable Solutions; South West Consulting Enterprises, Inc.; Apex Consulting & Associates Inc.; Infocom Entertainment Ltd, Inc.; Dominic Ahiga; and Roger Scott Dyer |

| **(b) County of Residence of First Listed Plaintiff** | **County of Residence of First Listed Defendant**   Orange County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Miles D. Freeman, Karina A. Layugan, Carla L. Cheung, Federal Trade Commission, 10990 Wilshire Boulevard, Suite 400, Los Angeles, CA 90024, (310) 824-4300 Taylor R. Steinbacher, Louis Laverone, California Department of Financial Protection & Innovation, 320 West 4th Street, Suite 750, Los Angeles, CA 90013, (213) 576-7500 | |

| **II. BASIS OF JURISDICTION** (Place an X in one box only.) | **III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant) | | | | |
|---|---|---|---|---|---|
| | | | **PTF** | **DEF** | |
| ☒ 1. U.S. Government Plaintiff     ☐ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4   ☐ 4 |
| | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5   ☐ 5 |
| ☐ 2. U.S. Government Defendant     ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6   ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multidistrict Litigation - Transfer   ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 45(a); 15 U.S.C. §§ 53(b), 57b; 12 U.S.C. § 5538; 15 U.S.C. § 6101; Public Law No. 116-260, 134 Stat. 1182, Title XIV, § 1401; Cal. Fin. Code § 90000 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accommodations | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 751 Family and Medical Leave Act | |
| | | | | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (10/20)                    **CIVIL COVER SHEET**                    Page 1 of 3

Exhibit 1
Page 45

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?  [ ] Yes  [X] No   If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?  [X] Yes  [ ] No   If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?   *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [X] NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)   *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [X] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?  [ ] Yes  [X] No   If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?   *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)   *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |

| D.1. Is there at least one answer in Column A?  [ ] Yes  [X] No   If "yes," your case will initially be assigned to the  SOUTHERN DIVISION.  Enter "Southern" in response to Question E, below, and continue from there.  If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?  [ ] Yes  [X] No   If "yes," your case will initially be assigned to the  EASTERN DIVISION.  Enter "Eastern" in response to Question E, below.  If "no," your case will be assigned to the WESTERN DIVISION.  Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes  [X] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

A civil forfeiture case and a criminal case are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  *Miles Freeman*   DATE: September 12, 2022

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Exhibit 1
Page 47

I hereby attest and certify on __9/22/22__
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

_____
DEPUTY CLERK



1175

Exhibit 1
Page 48

# EXHIBIT 2

Temporary Restraining
Order, Appointment of
Temporary Receiver

**Exhibit 2**

Notice has been delivered by First Class U.S. Mail
to all counsel (or parties) at their last known address
of record in this action on this date

Date: Sep 14 2022, 2:01 pm

1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

11  FEDERAL TRADE COMMISSION;          Case No. 2:22-cv-06499-FLA (MARx)
    AND CALIFORNIA DEPARTMENT
12  OF FINANCIAL PROTECTION &          **ORDER GRANTING PLAINTIFFS'**
13  INNOVATION,                        **EX PARTE APPLICATION FOR**
                                       **TEMPORARY RESTRAINING**
14                 Plaintiffs,         **ORDER WITH ASSET FREEZE,**
                                       **APPOINTMENT OF TEMPORARY**
15         v.                          **RECEIVER, LIMITED EXPEDITED**
                                       **DISCOVERY, AND ORDER TO**
16                                     **SHOW CAUSE WHY**
17  GREEN EQUITABLE SOLUTIONS, a       **PRELIMINARY INJUNCTION**
    corporation, also d/b/a ACADEMY    **SHOULD NOT ISSUE [DKT. 9]**[1]
18  HOME SERVICES;

19  SOUTH WEST CONSULTING
20  ENTERPRISES, INC., a corporation,
    also d/b/a ACADEMY HOME
21  SERVICE, ATLANTIC PACIFIC
22  SERVICE GROUP, GOLDEN HOME
    SERVICES OF AMERICA
23  ENTERPRISES, and HOME MATTERS
24  USA;

25  APEX CONSULTING & ASSOCIATES
26  INC., a corporation, also d/b/a GOLDEN

27  ─────────────────────────
28  [1] The parties should review this Order carefully as the court made changes from the
    proposed order submitted by Plaintiffs.

1

**Exhibit 2**

1   HOME SERVICES AMERICA and
    HOME MATTERS USA
2   CONSULTING;

3   INFOCOM ENTERTAINMENT LTD,
    INC., a corporation, also d/b/a AMSTAR
4   SERVICE GROUP, ATLANTIC
    PACIFIC SERVICE, and HOME
5   RELIEF SERVICE OF AMERICA;
6
    DOMINIC AHIGA, a/k/a MICHAEL
7   DOMINIC GRINNELL, individually
    and as an officer of GREEN
8   EQUITABLE SOLUTIONS, SOUTH
    WEST CONSULTING ENTERPRISES,
9   INC., and APEX CONSULTING &
    ASSOCIATES INC.;
10
11  AND ROGER SCOTT DYER,
    individually and as an officer of SOUTH
12  WEST CONSULTING ENTERPRISES,
    INC., and INFOCOM
13  ENTERTAINMENT LTD, INC.,
14
15                  Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

                        2

**Exhibit 2**

1        Plaintiffs Federal Trade Commission and California Department of Financial

2    Protection and Innovation (collectively, "Plaintiffs") have filed a Complaint for

3    Permanent Injunction, Monetary Relief, and Other Relief pursuant to (1) Sections

4    13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b),

5    57b; (2) the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123

6    Stat. 524, 678 (Mar. 11, 2009), as clarified by the Credit Card Accountability

7    Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat.

8    1734, 1763-64 (May 22, 2009), and amended by the Dodd-Frank Wall Street Reform

9    and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376,

10    2102-03 (July 21, 2010), 12 U.S.C. § 5538; (3) the Telemarketing and Consumer

11    Fraud and Abuse Prevention Act, 15 U.S.C. § 6101 et seq.; (4) the COVID-19

12    Consumer Protection Act ("CCPA"), Public Law No. 116-260, 134 Stat. 1182, Title

13    XIV, § 1401; and (5) the California Consumer Financial Protection Law ("CCFPL"),

14    Cal. Fin. Code § 90000 et seq.  Pursuant to Federal Rule of Civil Procedure 65(b) and

15    Local Rule 65-1, Plaintiffs request the court grant a temporary restraining order, asset

16    freeze, other equitable relief, and an order to show cause why a preliminary injunction

17    should not issue against Defendants (a) Green Equitable Solutions, also doing

18    business as Academy Home Services; (b) South West Consulting Enterprises, Inc.,

19    also doing business as Academy Home Service, Atlantic Pacific Service Group,

20    Golden Home Services of America Enterprises, and Home Matters USA; (c) Apex

21    Consulting & Associates Inc., also doing business as Golden Home Services America

22    and Home Matters USA Consulting; (d) Infocom Entertainment Ltd, Inc., also doing

23    business as Amstar Service Group, Atlantic Pacific Service, and Home Relief Service

24    of America; (e) Dominic Ahiga, also known as Michael Grinnell; and (f) Roger Scott

25    Dyer (collectively, "Defendants").

26                **<u>FINDINGS OF FACT</u>**

27        The court, having considered the Complaint, the Ex Parte Application for a

28    Temporary Restraining Order ("Application"), declarations, exhibits, and the

**Exhibit 2**

1    memorandum of points and authorities filed in support thereof, and being otherwise

2    advised, finds for purposes of the subject Application that:

3        A.    The court has jurisdiction over the subject matter of this case, and there is

4    good cause to believe that it will have jurisdiction over all parties hereto and that

5    venue in this district is proper.

6        B.    Since at least June 2018, Defendants have been deceptively advertising to

7    consumers that, in exchange for large up-front payments, Defendants will negotiate

8    with consumers' mortgage companies to make consumers' mortgage payments more

9    affordable by lowering their interest rates and/or principal amounts.  However, in

10    numerous instances, Defendants failed to provide any of the advertised services and

11    instead simply kept millions of dollars paid by consumers without further recourse.

12        C.    There is good cause to believe that Defendants have engaged in and are

13    likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C.

14    § 45(a); the Mortgage Assistance Relief Services ("MARS") Rule, 12 C.F.R. § 1015;

15    the CCPA, Pub. L. No. 116-260, Title XIV § 1401(b)(2); the Telemarketing Sales

16    Rule ("TSR"), 16 C.F.R. Part 310; and the CCFPL, Cal. Fin. Code § 90000 et seq.

17    Plaintiffs, therefore, are likely to prevail on the merits of this action.  As demonstrated

18    by the bank records, consumer declarations, consumer complaints, business records,

19    and the additional documentation filed by Plaintiffs, Plaintiffs have established a

20    likelihood of success in showing that Defendants have falsely, deceptively, and

21    illegally marketed, advertised, and sold mortgage relief assistance services in violation

22    of the FTC Act, the MARS Rule, the CCPA, the TSR, and the CCFPL.

23        D.    There is good cause to believe that immediate and irreparable harm will

24    result from Defendants' ongoing violations of the FTC Act, the MARS Rule, the

25    CCPA, the TSR, and the CCFPL unless Defendants are restrained and enjoined by

26    order of the court.

27        E.    There is good cause to believe that immediate and irreparable damage to

28    the court's ability to grant effective final relief for consumers – including monetary

4

**Exhibit 2**

1    restitution, rescission, disgorgement, or refunds – will occur from the sale, transfer,

2    destruction, or other disposition or concealment by Defendants of their assets or

3    records, unless Defendants are immediately restrained and enjoined by order of the

4    court; and that, in accordance with Federal Rule of Civil Procedure 65(b) and Local

5    Rule 65-1, the interests of justice require that this Order be granted without prior

6    notice to Defendants.  Thus, there is good cause for relieving Plaintiffs of the duty to

7    provide Defendants with prior notice of their Application for a Temporary Restraining

8    Order.

9        F.     Good cause exists for appointing a temporary receiver over the

10    Receivership Entities, freezing Defendants' assets, and permitting the Plaintiffs and

11    the Receiver to take expedited discovery.

12        G.     Weighing the equities and considering Plaintiffs' likelihood of ultimate

13    success on the merits, a temporary restraining order with an asset freeze, the

14    appointment of a temporary receiver, expedited discovery, and other equitable relief is

15    in the public interest.

16        H.     The court has authority to issue this Order pursuant to Section 13(b) of

17    the FTC Act, 15 U.S.C. § 53(b); California Financial Code § 90012; Federal Rule of

18    Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

19        I.     No security is required of any agency of the United States for issuance of

20    a temporary restraining order.  Fed. R. Civ. P. 65(c).

21                          **DEFINITIONS**

22    For the purpose of this Order, the following definitions shall apply:

23        A.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any

24    property, wherever located and by whomever held.

25        B.     "**Corporate Defendant(s)**" means Defendants Green Equitable

26    Solutions, also doing business as Academy Home Services; South West Consulting

27    Enterprises, Inc., also doing business as Academy Home Service, Atlantic Pacific

28    Service Group, Golden Home Services of America Enterprises, and Home Matters

**Exhibit 2**

1  USA; Apex Consulting & Associates Inc., also doing business as Golden Home

2  Services America and Home Matters USA Consulting; and Infocom Entertainment

3  Ltd, Inc., also doing business as Amstar Service Group, Atlantic Pacific Service, and

4  Home Relief Service of America; along with each of their subsidiaries, fictitious

5  business names, affiliates, successors, and assigns.

6      C.    "**Defendant(s)**" means the Corporate Defendants, Dominic Ahiga (a/k/a

7  Michael Dominic Grinnell), and Roger Scott Dyer, individually, collectively, or in any

8  combination.

9      D.    "**Document**" is synonymous in meaning and equal in scope to the usage

10  of "document" and "electronically stored information" in Federal Rule of Civil

11  Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound

12  and video recordings, images, Internet sites, web pages, websites, electronic

13  correspondence, including e-mail and instant messages, contracts, accounting data,

14  advertisements, FTP Logs, Server Access Logs, books, written or printed records,

15  handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal

16  and business canceled checks and check registers, bank statements, appointment

17  books, computer records, customer or sales databases and any other electronically

18  stored information, including Documents located on remote servers or cloud

19  computing systems, and other data or data compilations from which information can

20  be obtained directly or, if necessary, after translation into a reasonably usable form.  A

21  draft or non-identical copy is a separate document within the meaning of the term.

22      E.    "**Electronic Data Host**" means any person or entity in the business of

23  storing, hosting, or otherwise maintaining electronically stored information. This

24  includes, but is not limited to, any entity hosting a website or server, and any entity

25  providing "cloud based" electronic storage.

26      F.    "**Individual Defendant(s)**" means Roger Scott Dyer and Dominic Ahiga

27  (a/k/a Michael Dominic Grinnell), individually, collectively, or in any combination.

28  / / /

6

**Exhibit 2**

G.  **"National Do Not Call Registry"** means the registry of telephone numbers maintained by the FTC, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), of persons who do not wish to receive Outbound Telephone Calls to induce the purchase of goods or services.

H.  **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services to solicit a charitable contribution.

I.  **"Receiver"** means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

J.  **"Receivership Entities"** means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' alleged mortgage assistance relief services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

K.  **"Telemarketer"** means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

L.  **"Telemarketing"** means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## **ORDER**

## I.  **PROHIBITED MISREPRESENTATIONS AND OMISSIONS**

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

Exhibit 2

1      A.    That a consumer who purchases Defendants' services will receive a

2    reduction in their mortgage interest rate, principal amount, or monthly mortgage

3    payment;

4      B.    That a consumer who purchases Defendants' services should not

5    communicate with their lender or any other financial institution in connection with

6    their mortgage;

7      C.    That a consumer who purchases Defendants' services is not obligated to,

8    or should not make, scheduled periodic payments or any other payments pursuant to

9    the terms of the consumer's mortgage;

10      D.    That a consumer who purchases Defendants' services is protected from

11    foreclosure and cannot be foreclosed on while paying for Defendants' services;

12      E.    That Defendants' services are subject to a "money-back" guarantee in

13    which a consumer will receive all of their money back if Defendants are unsuccessful

14    in accomplishing any represented mortgage loan modification services or result;

15      F.    That Defendants are part of or affiliated with, endorsed or approved by,

16    or are otherwise associated with the United States government, a governmental

17    homeowner assistance plan, or a Federal, State, or local government agency, unit, or

18    department;

19      G.    That Defendants are associated with any government programs related to

20    the COVID-19 pandemic; and

21      H.    Any other fact material to consumers concerning any good or service,

22    such as: the total costs; any material restrictions, limitations, or conditions; or any

23    material aspect of its performance, efficacy, nature, or central characteristics.

24    **II.**    **PROHIBITED BUSINESS ACTIVITIES**

25      **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents,

26    employees, and attorneys, and all other persons in active concert or participation with

27    any of them, who receive actual notice of this Order, whether acting directly or

28    indirectly, are hereby temporarily restrained and enjoined from:

**Exhibit 2**

A.     Requesting or receiving payment of any fee or other consideration for any mortgage assistance relief service before the consumer has executed a written agreement with the consumer's loan holder or servicer incorporating the offer of mortgage assistance relief that Defendant(s) obtained from the loan holder or servicer on the consumer's behalf.

B.     Failing to disclose the following information in all general commercial communications regarding mortgage assistance relief services:

    1.     "[Name of Company] is not associated with the government, and our service is not approved by the government or your lender."

    2.     "Even if you accept this offer and use our service, your lender may not agree to change your loan."

C.     Failing to disclose the following information in all consumer-specific commercial communications regarding mortgage assistance relief services:

    1.     "[Name of Company] is not associated with the government, and our service is not approved by the government or your lender."

    2.     "You may stop doing business with us at any time.  You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer].  If you reject the offer, you do not have to pay us.  If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services."

    3.     "Even if you accept this offer and use our service, your lender may not agree to change your loan."

    4.     "If you stop paying your mortgage, you could lose your home and damage your credit rating."

D.     Initiating, or causing others to initiate, an Outbound Telephone Call to a person whose telephone number is on the National Do Not Call Registry.

E.     Initiating, or causing others to initiate, an Outbound Telephone Call to a telephone number within a given area code where Defendants have not, either directly

9

Exhibit 2

1   or through another person, paid the required annual fee for access to the telephone

2   numbers within that area code that are included on the National Do Not Call Registry.

3   **III.**     **PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

4       **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents,

5   employees, and attorneys, and all other persons in active concert or participation with

6   any of them, who receive actual notice of this Order, whether acting directly or

7   indirectly, are hereby temporarily restrained and enjoined from:

8       A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name,

9   address, birth date, telephone number, email address, credit card number, bank

10   account number, Social Security number, or other financial or identifying information

11   of any person that any Defendant obtained in connection with any activity that

12   pertains to the subject matter of this Order; and

13       B.    Benefitting from or using the name, address, birth date, telephone

14   number, email address, credit card number, bank account number, Social Security

15   number, or other financial or identifying information of any person that any Defendant

16   obtained in connection with any activity that pertains to the subject matter of this

17   Order, provided, however, that Defendants may disclose such identifying information

18   to a law enforcement agency, to their attorneys as required for their defense, as

19   required by any law, regulation, or court order, or in any filings, pleadings or

20   discovery in this action in the manner required by the Federal Rules of Civil

21   Procedure and any protective order in the case.

22   **IV.**   **ASSET FREEZE**

23       **IT IS FURTHER ORDERED** that Defendants and their officers, agents,

24   employees, and attorneys, and all other persons in active concert or participation with

25   any of them, who receive actual notice of this Order, whether acting directly or

26   indirectly, are hereby temporarily restrained and enjoined from:

27       A.    Transferring, liquidating, converting, encumbering, pledging, loaning,

28   selling, concealing, dissipating, disbursing, assigning, relinquishing, spending,

**Exhibit 2**

1    withdrawing, granting a lien or security interest or other interest in, or otherwise

2    disposing of any Assets that are:

3            1.    Owned or controlled, directly or indirectly, by any Defendant;

4            2.    Held, in part or in whole, for the benefit of any Defendant;

5            3.    In the actual or constructive possession of any Defendant; or

6            4.    Owned or controlled by, in the actual or constructive possession of,

7    or otherwise held for the benefit of, any corporation, partnership, asset

8    protection trust, or other entity that is directly or indirectly owned, managed, or

9    controlled by any Defendant.

10    B.    Opening or causing to be opened any safe deposit boxes, commercial

11    mail boxes, or storage facilities titled in the name of any Defendant or subject to

12    access by any Defendant, except as necessary to comply with written requests from

13    the Receiver acting pursuant to its authority under this Order;

14    C.    Incurring charges or cash advances on any credit, debit, or ATM card

15    issued in the name, individually or jointly, of any Corporate Defendant or any

16    corporation, partnership, or other entity directly or indirectly owned, managed, or

17    controlled by any Defendant or of which any Defendant is an officer, director,

18    member, or manager.  This includes any corporate bankcard or corporate credit card

19    account for which any Defendant is, or was on the date that this Order was signed, an

20    authorized signor; or

21    D.    Cashing any checks or depositing any money orders or cash received

22    from consumers, clients, or customers of any Defendant.

23    The Assets affected by this Section shall include: (1) all Assets of Defendants

24    as of the time this Order is entered; and (2) Assets obtained by Defendants after this

25    Order is entered if those Assets are derived from any activity that is the subject of the

26    Complaint in this matter or that is prohibited by this Order.  This Section does not

27    prohibit any transfers to the Receiver or repatriation of foreign Assets specifically

28    required by this order.

**Exhibit 2**

1 **V.     DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

2        **IT IS FURTHER ORDERED** that any financial or brokerage institution,

3 Electronic Data Host, credit card processor, payment processor, merchant bank,

4 acquiring bank, independent sales organization, third party processor, payment

5 gateway, insurance company, business entity, or person who receives actual notice of

6 this Order (by service or otherwise) that:

7        (a) has held, controlled, or maintained custody, through an account or

8 otherwise, of any Document on behalf of any Defendant or any Asset that has been

9 owned or controlled, directly or indirectly, by any Defendant; held, in part or in

10 whole, for the benefit of any Defendant; in the actual or constructive possession of

11 any Defendant; or owned or controlled by, in the actual or constructive possession of,

12 or otherwise held for the benefit of, any corporation, partnership, asset protection

13 trust, or other entity that is directly or indirectly owned, managed or controlled by any

14 Defendant;

15        (b) has held, controlled, or maintained custody, through an account or

16 otherwise, of any Document or Asset associated with credits, debits, or charges made

17 on behalf of any Defendant, including reserve funds held by payment processors,

18 credit card processors, merchant banks, acquiring banks, independent sales

19 organizations, third party processors, payment gateways, insurance companies, or

20 other entities; or

21        (c) has extended credit to any Defendant, including through a credit card

22 account, shall:

23        A.     Hold, preserve, and retain within its control and prohibit the withdrawal,

24 removal, alteration, assignment, transfer, pledge, encumbrance, disbursement,

25 dissipation, relinquishment, conversion, sale, or other disposal of any such Document

26 or Asset, as well as all Documents or other property related to such Assets, except by

27 further order of the court, provided, however, that this provision does not prohibit an

28 Individual Defendant from incurring charges on a personal credit card established

12

**Exhibit 2**

1  prior to entry of this Order, up to the pre-existing credit limit;

2        B.     Deny any person, except the Receiver, access to any safe deposit box,

3  commercial mail box, or storage facility that is titled in the name of any Defendant,

4  either individually or jointly, or otherwise subject to access by any Defendant;

5        C.     Provide Plaintiffs' counsel and the Receiver, within three (3) days of

6  receiving a copy of this Order, a sworn statement setting forth, for each Asset or

7  account covered by this Section:

8             1.     The identification number of each such account or Asset;

9             2.     The balance of each such account, or a description of the nature

10             and value of each such Asset as of the close of business on the day on

11             which this Order is served, and, if the account or other Asset has been

12             closed or removed, the date closed or removed, the total funds removed

13             to close the account, and the name of the person or entity to whom such

14             account or other Asset was remitted; and

15             3.     The identification of any safe deposit box, commercial mail box, or

16             storage facility that is either titled in the name, individually or jointly, of

17             any Defendant, or is otherwise subject to access by any Defendant; and

18        D.     Upon the request of Plaintiffs' counsel or the Receiver, promptly provide

19  Plaintiffs' counsel and the Receiver with copies of all records or other Documents

20  pertaining to any account covered by this Section or Asset, including originals or

21  copies of account applications, account statements, signature cards, checks, drafts,

22  deposit tickets, transfers to and from the accounts, including wire transfers and wire

23  transfer instructions, all other debit and credit instruments or slips, currency

24  transaction reports, 1099 forms, and all logs and records pertaining to safe deposit

25  boxes, commercial mail boxes, and storage facilities, provided, however, that this

26  Section does not prohibit any transfers to the Receiver or repatriation of foreign

27  Assets specifically required by this order.

28  / / /

**Exhibit 2**

1   **VI.   FINANCIAL DISCLOSURES**

2       **IT IS FURTHER ORDERED** that each Defendant, within five (5) days of

3   service of this Order upon them, shall prepare and deliver to Plaintiffs' counsel and

4   the Receiver:

5       A.   completed financial statements on the forms attached to this Order as

6   **Attachment A** (Financial Statement of Individual Defendant) for each Individual

7   Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each

8   Corporate Defendant; and

9       B.   completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax

10  Return) for each Individual and Corporate Defendant.

11  **VII.   FOREIGN ASSET REPATRIATION**

12      **IT IS FURTHER ORDERED** that within five (5) days following the service

13  of this Order, each Defendant shall:

14      A.   Provide Plaintiffs' counsel and the Receiver with a full accounting,

15  verified under oath and accurate as of the date of this Order, of all Assets, Documents,

16  and accounts outside of the United States which are: (1) titled in the name,

17  individually or jointly, of any Defendant; (2) held by any person or entity for the

18  benefit of any Defendant or for the benefit of, any corporation, partnership, asset

19  protection trust, or other entity that is directly or indirectly owned, managed or

20  controlled by any Defendant; or (3) under the direct or indirect control, whether

21  jointly or singly, of any Defendant;

22      B.   Take all steps necessary to provide Plaintiffs' counsel and Receiver

23  access to all Documents and records that may be held by third parties located outside

24  of the territorial United States of America, including signing the Consent to Release of

25  Financial Records appended to this Order as **Attachment D**.

26      C.   Transfer to the territory of the United States all Documents and Assets

27  located in foreign countries which are: (1) titled in the name, individually or jointly, of

28  any Defendant; (2) held by any person or entity for the benefit of any Defendant or for

14

**Exhibit 2**

1    the benefit of, any corporation, partnership, asset protection trust, or other entity that

2    is directly or indirectly owned, managed or controlled by any Defendant; or (3) under

3    the direct or indirect control, whether jointly or singly, of any Defendant; and

4         D.      The same business day as any repatriation, (1) notify the Receiver and

5    counsel for Plaintiffs of the name and location of the financial institution or other

6    entity that is the recipient of such Documents or Assets; and (2) serve this Order on

7    any such financial institution or other entity.

8    **VIII. NON-INTERFERENCE WITH REPATRIATION**

9         **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents,

10    employees, and attorneys, and all other persons in active concert or participation with

11    any of them, who receive actual notice of this Order, whether acting directly or

12    indirectly, are hereby temporarily restrained and enjoined from taking any action,

13    directly or indirectly, which may result in the encumbrance or dissipation of foreign

14    Assets, or in the hindrance of the repatriation required by this Order, including, but

15    not limited to:

16         A.      Sending any communication or engaging in any other act, directly or

17    indirectly, that results in a determination by a foreign trustee or other entity that a

18    "duress" event has occurred under the terms of a foreign trust agreement until such

19    time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

20         B.      Notifying any trustee, protector or other agent of any foreign trust or

21    other related entities of either the existence of this Order, or of the fact that

22    repatriation is required pursuant to a court order, until such time that all Defendants'

23    Assets have been fully repatriated pursuant to this Order.

24    **IX.    CONSUMER CREDIT REPORTS**

25         **IT IS FURTHER ORDERED** that Plaintiffs may obtain credit reports

26    concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting

27    Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting

28    agency from which such reports are requested shall provide them to Plaintiffs.

**Exhibit 2**

**X.     PRESERVATION OF RECORDS**

   **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

   A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

   B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

**XI.    REPORT OF NEW BUSINESS ACTIVITY**

   **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiffs' counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

/ / /

**Exhibit 2**

1    **XII.   TEMPORARY RECEIVER**

2        **IT IS FURTHER ORDERED** that David P. Stapleton of Stapleton Group is

3    appointed as temporary receiver of the Receivership Entities with full powers of an

4    equity receiver.  The Receiver shall be solely the agent of the court in acting as

5    Receiver under this Order.

6    **XIII. DUTIES AND AUTHORITY OF RECEIVER**

7        **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

8    accomplish the following:

9        A.      Assume full control of Receivership Entities by removing, as the

10   Receiver deems necessary or advisable, any director, officer, independent contractor,

11   employee, attorney, or agent of any Receivership Entity from control of, management

12   of, or participation in, the affairs of the Receivership Entity;

13       B.      Take exclusive custody, control, and possession of all Assets and

14   Documents of, or in the possession, custody, or under the control of, any Receivership

15   Entity, wherever situated;

16       C.      Take exclusive custody, control, and possession of all Documents or

17   Assets associated with credits, debits, or charges made on behalf of any Receivership

18   Entity, wherever situated, including reserve funds held by payment processors, credit

19   card processors, merchant banks, acquiring banks, independent sales organizations,

20   third party processors, payment gateways, insurance companies, or other entities;

21       D.      Conserve, hold, manage, and prevent the loss of all Assets of the

22   Receivership Entities, and perform all acts necessary or advisable to preserve the

23   value of those Assets.  The Receiver shall assume control over the income and profits

24   therefrom and all sums of money now or hereafter due or owing to the Receivership

25   Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets

26   of the Receivership Entities and of other persons or entities whose interests are now

27   under the direction, possession, custody, or control of, the Receivership Entities,

28   provided, however, that the Receiver shall not attempt to collect any amount from a

**Exhibit 2**

1    consumer if the Receiver believes the consumer's debt to the Receivership Entities has

2    resulted from the deceptive acts or practices or other violations of law alleged in the

3    Complaint in this matter, without prior court approval;

4         E.     Obtain, conserve, hold, manage, and prevent the loss of all Documents of

5    the Receivership Entities, and perform all acts necessary or advisable to preserve such

6    Documents.  The Receiver shall: divert mail; preserve all Documents of the

7    Receivership Entities that are accessible via electronic means (such as online access to

8    financial accounts and access to electronic documents held onsite or by Electronic

9    Data Hosts), by changing usernames, passwords or other log-in credentials; take

10   possession of all electronic Documents of the Receivership Entities stored onsite or

11   remotely; take whatever steps necessary to preserve all such Documents; and obtain

12   the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining

13   electronic documents stored onsite or remotely;

14        F.     Choose, engage, and employ attorneys, accountants, appraisers, and other

15   independent contractors and technical specialists, as the Receiver deems advisable or

16   necessary in the performance of duties and responsibilities under the authority granted

17   by this Order;

18        G.     Make payments and disbursements from the receivership estate that are

19   necessary or advisable for carrying out the directions of, or exercising the authority

20   granted by, this Order, and to incur, or authorize the making of, such agreements as

21   may be necessary and advisable in discharging his or her duties as Receiver.  The

22   Receiver shall apply to the court for prior approval of any payment of any debt or

23   obligation incurred by the Receivership Entities prior to the date of entry of this

24   Order, except payments that the Receiver deems necessary or advisable to secure

25   Assets of the Receivership Entities, such as rental payments;

26        H.     Take all steps necessary to secure and take exclusive custody of each

27   location, if any, from which the Receivership Entities operate their businesses.  Such

28   steps may include, but are not limited to, any of the following, as the Receiver deems

Exhibit 2

1    necessary or advisable: (1) securing the location by changing the locks and alarm

2    codes and disconnecting any internet access or other means of access to the

3    computers, servers, internal networks, or other records maintained at that location; and

4    (2) requiring any persons present at the location to leave the premises, to provide the

5    Receiver with proof of identification, and/or to demonstrate to the satisfaction of the

6    Receiver that such persons are not removing from the premises Documents or Assets

7    of the Receivership Entities.  Law enforcement personnel, including, but not limited

8    to, police or sheriffs, may assist the Receiver in implementing these provisions to keep

9    the peace and maintain security.  If requested by the Receiver, the United States

10   Marshal will provide appropriate and necessary assistance to the Receiver to

11   implement this Order and is authorized to use any necessary and reasonable force to

12   do so;

13          I.      Take all steps necessary to prevent the modification, destruction, or

14   erasure of any web page or website registered to and operated, in whole or in part, by

15   any Defendants, and to provide access to all such web page or websites to Plaintiffs'

16   representatives, agents, and assistants, as well as Defendants and their representatives;

17          J.      Enter into and cancel contracts and purchase insurance as advisable or

18   necessary;

19          K.      Prevent the inequitable distribution of Assets and determine, adjust, and

20   protect the interests of consumers who have transacted business with the Receivership

21   Entities;

22          L.      Make an accounting, as soon as practicable, of the Assets and financial

23   condition of the receivership and file the accounting with the court and deliver copies

24   thereof to all parties;

25          M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of,

26   or otherwise become party to any legal action in state, federal or foreign courts or

27   arbitration proceedings as the Receiver deems necessary and advisable to preserve or

28   recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate

Exhibit 2

1    under this Order, including but not limited to, actions challenging fraudulent or

2    voidable transfers;

3        N.    Issue subpoenas to obtain Documents and records pertaining to the

4    Receivership, and conduct discovery in this action on behalf of the receivership estate,

5    in addition to obtaining other discovery as set forth in this Order;

6        O.    Open one or more bank accounts at designated depositories for funds of

7    the Receivership Entities.  The Receiver shall deposit all funds of the Receivership

8    Entities in such designated accounts and shall make all payments and disbursements

9    from the receivership estate from such accounts.  The Receiver shall serve copies of

10   monthly account statements on all parties;

11       P.    Maintain accurate records of all receipts and expenditures incurred as

12   Receiver;

13       Q.    Allow the Plaintiffs' representatives, agents, and assistants, as well as

14   Defendants' representatives and Defendants themselves, reasonable access to the

15   premises of the Receivership Entities, or any other premises where the Receivership

16   Entities conduct business.  The purpose of this access shall be to inspect and copy any

17   and all books, records, Documents, accounts, and other property owned by, or in the

18   possession of, the Receivership Entities or their agents.  The Receiver shall have the

19   discretion to determine the time, manner, and reasonable conditions of such access;

20       R.    Allow the Plaintiffs' representatives, agents, and assistants, as well as

21   Defendants and their representatives reasonable access to all Documents in the

22   possession, custody, or control of the Receivership Entities;

23       S.    Cooperate with reasonable requests for information or assistance from

24   any state or federal civil or criminal law enforcement agency;

25       T.    Suspend business operations of the Receivership Entities if in the

26   judgment of the Receiver such operations cannot be continued legally and profitably;

27       U.    If the Receiver identifies a nonparty entity as a Receivership Entity,

28   promptly notify the entity as well as the parties, and inform the entity that it can

20

**Exhibit 2**

1  challenge the Receiver's determination by filing a motion with the court, provided,
2  however, that the Receiver may delay providing such notice until the Receiver has
3  established control of the nonparty entity and its assets and records, if the Receiver
4  determines that notice to the entity or the parties before the Receiver establishes
5  control over the entity may result in the destruction of records, dissipation of assets, or
6  any other obstruction of the Receiver's control of the entity; and

7        V.    If in the Receiver's judgment the business operations cannot be continued
8  legally and profitably, take all steps necessary to ensure that any of the Receivership
9  Entities' web pages or websites relating to the activities alleged in the Complaint
10 cannot be accessed by the public, or are modified for consumer education and/or
11 informational purposes, and take all steps necessary to ensure that any telephone
12 numbers associated with the Receivership Entities cannot be accessed by the public,
13 or are answered solely to provide consumer education or information regarding the
14 status of operations.

15 **XIV.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

16       **IT IS FURTHER ORDERED** that Defendants and any other person, with
17 possession, custody or control of property of, or records relating to, the Receivership
18 Entities shall, upon notice of this Order by personal service or otherwise, fully
19 cooperate with and assist the Receiver in taking and maintaining possession, custody,
20 or control of the Assets and Documents of the Receivership Entities and immediately
21 transfer or deliver to the Receiver possession, custody, and control of, the following:

22       A.    All Assets held by or for the benefit of the Receivership Entities;

23       B.    All Documents or Assets associated with credits, debits, or charges made
24 on behalf of any Receivership Entity, wherever situated, including reserve funds held
25 by payment processors, credit card processors, merchant banks, acquiring banks,
26 independent sales organizations, third party processors, payment gateways, insurance
27 companies, or other entities;

28       C.    All Documents of or pertaining to the Receivership Entities;

**Exhibit 2**

1         D.     All computers, electronic devices, mobile devices and machines used to

2  conduct the business of the Receivership Entities;

3         E.     All Assets and Documents belonging to other persons or entities whose

4  interests are under the direction, possession, custody, or control of the Receivership

5  Entities; and

6         F.     All keys, codes, user names and passwords necessary to gain or to secure

7  access to any Assets or Documents of or pertaining to the Receivership Entities,

8  including access to their business premises, means of communication, accounts,

9  computer systems (onsite and remote), Electronic Data Hosts, or other property.

10      In the event any person or entity fails to deliver or transfer any Asset or

11  Document, or otherwise fails to comply with any provision of this Section, the

12  Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion

13  seeking compliance or a contempt citation.

14  **XV.  PROVISION OF INFORMATION TO RECEIVER**

15      **IT IS FURTHER ORDERED** that Defendants shall immediately provide to

16  the Receiver:

17         A.     A list of all Assets and accounts of the Receivership Entities that are held

18  in any name other than the name of a Receivership Entity, or by any person or entity

19  other than a Receivership Entity;

20         B.     A list of all agents, employees, officers, attorneys, servants and those

21  persons in active concert and participation with the Receivership Entities, or who have

22  been associated or done business with the Receivership Entities; and

23         C.     A description of any documents covered by attorney-client privilege or

24  attorney work product, including files where such documents are likely to be located,

25  authors or recipients of such documents, and search terms likely to identify such

26  electronic documents.

27  / / /

28  / / /

**Exhibit 2**

## XVI.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, machines (onsite or remotely), and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XVII.  NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, Receivership Entities, Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

    A.    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

    B.    Transacting any of the business of the Receivership Entities;

    C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the

**Exhibit 2**

1    Receivership Entities; or

2         D.    Refusing to cooperate with the Receiver or the Receiver's duly

3    authorized agents in the exercise of their duties or authority under any order of the

4    court.

5    **XVIII.  STAY OF ACTIONS**

6         **IT IS FURTHER ORDERED** that, except by leave of the court, during the

7    pendency of the receivership ordered herein, Defendants, Defendants' officers, agents,

8    employees, attorneys, and all other persons in active concert or participation with any

9    of them, who receive actual notice of this Order, and their corporations, subsidiaries,

10   divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers

11   and other persons seeking to establish or enforce any claim, right, or interest against or

12   on behalf of Defendants, and all others acting for or on behalf of such persons, are

13   hereby enjoined from taking action that would interfere with the exclusive jurisdiction

14   of the court over the Assets or Documents of the Receivership Entities, including, but

15   not limited to:

16        A.    Filing or assisting in the filing of a petition for relief under the

17   Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on

18   behalf of the Receivership Entities;

19        B.    Commencing, prosecuting, or continuing a judicial, administrative, or

20   other action or proceeding against the Receivership Entities, including the issuance or

21   employment of process against the Receivership Entities, except that such actions may

22   be commenced if necessary to toll any applicable statute of limitations;

23        C.    Filing or enforcing any lien on any asset of the Receivership Entities,

24   taking or attempting to take possession, custody, or control of any Asset of the

25   Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any

26   interest in any Asset of the Receivership Entities, whether such acts are part of a

27   judicial proceeding, are acts of self-help, or otherwise.

28   / / /

**Exhibit 2**

1    This Order does not stay: (1) the commencement or continuation of a criminal

2    action or proceeding; (2) the commencement or continuation of an action or

3    proceeding by a governmental unit to enforce such governmental unit's police or

4    regulatory power; or (3) the enforcement of a judgment, other than a money judgment,

5    obtained in an action or proceeding by a governmental unit to enforce such

6    governmental unit's police or regulatory power.

7    **XIX.  COMPENSATION OF RECEIVER**

8    **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the

9    Receiver as herein authorized, including counsel to the Receiver and accountants, are

10    entitled to reasonable compensation for the performance of duties pursuant to this

11    Order and for the cost of actual out-of-pocket expenses incurred by them, from the

12    Assets now held by, in the possession or control of, or which may be received by, the

13    Receivership Entities.  The Receiver shall file with the court and serve on the parties

14    periodic requests for the payment of such reasonable compensation, with the first such

15    request filed no more than sixty (60) days after the date of entry of this Order.  The

16    Receiver shall not increase the hourly rates used as the bases for such fee applications

17    without prior approval of the court.

18    **XX.  RECEIVER'S BOND**

19    **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of the

20    court a bond in the sum of $35,000 with sureties to be approved by the court, on the

21    condition that the Receiver will well and truly perform the duties of the office and

22    abide by and perform all acts the court directs.  *See* 28 U.S.C. § 754.

23    **XXI.  TURNOVER OF BUSINESS RECORDS**

24    **IT IS FURTHER ORDERED** that Defendants shall contact Plaintiffs'

25    counsel, within three (3) days of the service of this Order, to make arrangements for

26    production of the following Documents for inspection, inventory, and/or copying:

27    A.    All documents and communications related to the business activities

28    alleged in the Complaint;

**Exhibit 2**

1          B.      All documents and communications with current, former, and prospective

2    consumers;

3          C.      All documents and communications related to the business premises,

4    storage facilities, mailboxes, virtual offices, and virtual platforms used in connection

5    with the business activities alleged in the Complaint;

6          D.      All documents and communications reflecting or relating to the

7    ownership, sale, or transfer of Defendants' assets.

8    **XXII.  DISTRIBUTION OF ORDER BY DEFENDANTS**

9          **IT IS FURTHER ORDERED** that Defendants shall immediately provide a

10   copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor,

11   assign, member, officer, director, employee, agent, independent contractor, client,

12   attorney, spouse, subsidiary, division, and representative of any Defendant, and shall,

13   within ten (10) days from the date of entry of this Order, provide Plaintiffs and the

14   Receiver with a sworn statement that this provision of the Order has been satisfied,

15   which statement shall include the names, physical addresses, phone number, and email

16   addresses of each such person or entity who received a copy of the Order.

17   Furthermore, Defendants shall not take any action that would encourage officers,

18   agents, members, directors, employees, salespersons, independent contractors,

19   attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in

20   active concert or participation with them to disregard this Order or believe that they

21   are not bound by its provisions.

22   **XXIII.  EXPEDITED DISCOVERY**

23         **IT IS FURTHER ORDERED** that, notwithstanding the provisions of the

24   Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to

25   Federal Rules of Civil Procedure 30(a), 33, 34, and 45, Plaintiffs and the Receiver are

26   granted leave, at any time after service of this Order, to conduct limited expedited

27   discovery for the purpose of discovering: (1) the nature, location, status, and extent of

28   Defendants' Assets; (2) the nature, location, and extent of Defendants' business

**Exhibit 2**

1    transactions and operations; (3) the nature, location, existence, and status of

2    documents reflecting Defendants' business transactions and operations; or (4)

3    compliance with this Order.  The limited expedited discovery set forth in this Section

4    shall proceed as follows:

5         A.    Plaintiffs and the Receiver may take the deposition of parties and non-

6    parties.  Seventy-two (72) hours' notice shall be sufficient notice for such depositions.

7    The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the

8    Federal Rules of Civil Procedure regarding subsequent depositions of an individual

9    shall not apply to depositions taken pursuant to this Section.  Any such deposition

10   taken pursuant to this Section shall not be counted towards the deposition limit set

11   forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone

12   or other remote electronic means.

13        B.    Plaintiffs and the Receiver may serve upon parties requests for

14   production of Documents or inspection that require production or inspection within

15   five (5) days of service, provided, however, that three (3) days of notice shall be

16   deemed sufficient for the production of any such Documents that are maintained or

17   stored only in an electronic format.

18        C.    Plaintiffs and the Receiver may serve upon parties interrogatories that

19   require response within five (5) days after Plaintiffs serves such interrogatories;

20        D.    Plaintiffs and the Receiver may serve subpoenas upon non-parties that

21   direct production or inspection within five (5) days of service.

22        E.    Service of discovery upon a party to this action, taken pursuant to this

23   Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

24        F.    Any expedited discovery taken pursuant to this Section is in addition to,

25   and is not subject to, the limits on discovery set forth in the Federal Rules of Civil

26   Procedure and the Local Rules of the court.  The expedited discovery permitted by

27   this Section does not require a meeting or conference of the parties, pursuant to Rules

28   26(d) & (f) of the Federal Rules of Civil Procedure.

**Exhibit 2**

1       G.     The parties are exempted from making initial disclosures under Federal

2   Rule of Civil Procedure 26(a)(1) until further order of the court.

3   **XXIV.  SERVICE OF THIS ORDER**

4       **IT IS FURTHER ORDERED** that copies of this Order as well as the

5   Application for Temporary Restraining Order and all other pleadings, Documents, and

6   exhibits filed contemporaneously with that Application (other than the Complaint and

7   Summons), may be served by any means, including facsimile transmission, electronic

8   mail or other electronic messaging, personal or overnight delivery, U.S. Mail or

9   FedEx, by agents and employees of Plaintiffs, by any law enforcement agency, or by

10   private process server, upon any Defendant or any person (including any financial

11   institution) that may have possession, custody or control of any Asset or Document of

12   any Defendant, or that may be subject to any provision of this Order pursuant to Rule

13   65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service

14   upon any branch, subsidiary, affiliate or office of any entity shall effect service upon

15   the entire entity.

16   **XXV.  CORRESPONDENCE AND SERVICE ON PLAINTIFFS**

17       **IT IS FURTHER ORDERED** that, for the purpose of this Order, all

18   correspondence and service of pleadings on Plaintiffs shall be addressed to:

19

| | |
|---|---|
| Miles D. Freeman<br>mfreeman@ftc.gov<br>Karina A. Layugan<br>klayugan@ftc.gov<br>Carla L. Cheung<br>ccheung1@ftc.gov<br>Federal Trade Commission<br>10990 Wilshire Boulevard, Suite 400<br>Los Angeles, CA 90024<br>Tel: (310) 824-4300<br>Fax: (310) 824-4380<br><br>*Attorneys for Plaintiff Federal Trade*<br>*Commission* | Taylor Steinbacher<br>Taylor.Steinbacher@dfpi.ca.gov<br>Louis Laverone<br>Louis.Laverone@dfpi.ca.gov<br>California Department of Financial<br>Protection & Innovation<br>320 West 4th Street, Suite 750<br>Los Angeles, CA 90013<br>Tel: (213) 576-7500<br>Fax: (213) 576-7181<br><br>*Attorneys for Plaintiff California*<br>*Department of Financial Protection &*<br>*Innovation* |

20
21
22
23
24
25
26
27
28

**Exhibit 2**

## XXVI.  PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b), Defendants shall appear before the court to show cause ("OSC") why the court should not enter a preliminary injunction against Defendants, pending the court's final ruling on the Complaint, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate.  The hearing on the OSC shall proceed in Courtroom 6B of the United States Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012, on September 28, 2022 at 9:00 a.m., unless otherwise stipulated by the parties and approved by the court.

## XXVII.  SUBMISSIONS REGARDING THE PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.     Defendants shall file with the court and serve on Plaintiffs' counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than five (5) days prior to the OSC hearing scheduled pursuant to this Order.  Plaintiffs may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the court and serve the same on counsel for Defendants no later than two (2) days prior to the OSC hearing, provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda, or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 p.m. (PDT) on the appropriate dates set forth in this Section.

B.     An evidentiary hearing on Plaintiffs' request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.  The question of whether the court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of the court.  Any motion

**Exhibit 2**

1　to permit such testimony shall be filed with the court and served on counsel for the

2　other parties at least five (5) days prior to the preliminary injunction hearing in this

3　matter.  Such motion shall set forth the name, address, and telephone number of each

4　proposed witness, a detailed summary or affidavit revealing the substance of each

5　proposed witness's expected testimony, and an explanation of why the taking of live

6　testimony would be helpful to the court.  Any papers opposing a timely motion to

7　present live testimony or to present live testimony in response to another party's

8　timely motion to present live testimony shall be filed with the court and served on the

9　other parties at least three (3) days prior to the OSC cause hearing, provided, however,

10　that service shall be performed by personal or overnight delivery, facsimile or email,

11　and Documents shall be delivered so that they shall be received by the other parties no

12　later than 5:00 p.m. (PDT) on the appropriate dates provided in this Section.

13　**XXVIII.  DURATION OF THE ORDER**

14　　　**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days

15　from the date of entry noted below, unless within such time, the Order is extended for

16　an additional period pursuant to Federal Rule of Civil Procedure 65(b)(2).

17　**XXIX.  RETENTION OF JURISDICTION**

18　　　**IT IS FURTHER ORDERED** that the court shall retain jurisdiction of this

19　matter for all purposes.

20

21　　　IT IS SO ORDERED.

22

23　Dated: September 14, 2022

24

25　　　　　　　　　　　FERNANDO L. AENLLE-ROCHA
　　　　　　　　　　　United States District Judge

26

27

28

30

**Exhibit 2**

# ATTACHMENT A

**Exhibit 2**

**FEDERAL TRADE COMMISSION**

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Exhibit 2**

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|
| | Phone Numbers<br>Home: (    ) <br>Fax:   (    ) | Date of Birth:    /    / <br>(mm/dd/yyyy) |
| | | Place of Birth |

☐ Rent  ☐ Own       From (Date):    /    /  (mm/dd/yyyy) | E-Mail Address

Internet Home Page

**Previous Addresses for past five years** (if required, use additional pages at end of form)

| Address | From:    /    /  (mm/dd/yyyy)       Until:    /    /  (mm/dd/yyyy)<br>☐ Rent  ☐ Own |
|---|---|
| Address | From:    /    /        Until:    /    / <br>☐ Rent  ☐ Own |
| Address | From:    /    /        Until:    /    / <br>☐ Rent  ☐ Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>   /    / <br>(mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number<br>(    ) | Place of Birth |
| | ☐ Rent  ☐ Own       From (Date):    /    /  (mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>   /    / <br>(mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(    ) |
|---|---|

Initials: _____

**Exhibit 2**

## Item 5.  Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth<br>    /    /<br>(mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>    /    /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>    /    /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>    /    /<br>(mm/dd/yyyy) |
| | Relationship | |

## Item 6.  Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>       / | To (Month/Year)<br>       / | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>       / | To (Month/Year)<br>       / | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>       / | To (Month/Year)<br>       / | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

**Exhibit 2**

**Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse**

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**Item 8.  Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Initials: _____

**Exhibit 2**

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9.  Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit.  The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | |
|---|---|---|---|
| b.  Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds.  Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

**Exhibit 2**

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

**Exhibit 2**

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
| | $ | /  / |
| | $ | /  / |
| | $ | /  / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

**Exhibit 2**

**Item 18.  Real Property**
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

**Item 19.  Credit Cards**
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 20.  Taxes Payable**
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

**Exhibit 2**

**Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents**
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/ /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/ /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

**Item 22.  Trusts and Escrows**
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | / / | | | $ |
| | / / | | | $ |
| | / / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

**Item 23.  Transfers of Assets**
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | / / | |
| | | $ | / / | |
| | | $ | / / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

**Exhibit 2**

## Item 24.  Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | | |
|---|---|---|
| | | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | | Documentation for all debts listed in Item 21. |
| Item 22 | | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

# SUMMARY FINANCIAL SCHEDULES

## Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

## Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

**Exhibit 2**

| Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | | |
|---|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | | Other Insurance Premiums | $ |
| Social Security Payments | $ | | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | | $ |
| **Other Income (Itemize)** | | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| Total Income | $ | | Total Expenses | $ |

## ATTACHMENTS

### Item 27.  Documents Attached to this Financial Statement

List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

**Exhibit 2**

# ATTACHMENT B

**Exhibit 2**

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1.    Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.    The font size within each field will adjust automatically as you type to accommodate longer responses.

3.    In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.    When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.    Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.    Type or print legibly.

7.    An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Exhibit 2**

## BACKGROUND INFORMATION

**Item 1.**　　　**General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**　　　**Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**　　　**Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Exhibit 2**

**Item 4.**   **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.**   **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.**   **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |

Page  3                                                    Initials _____

**Exhibit 2**

**Item 7.**          **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**          **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**          **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Initials _____

**Exhibit 2**

<u>**Item 10.**</u>         **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| <u>Name</u> | <u>Firm Name</u> | <u>Address</u> | <u>CPA/PA?</u> |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

<u>**Item 11.**</u>         **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| <u>Name, Address, & Telephone Number</u> | <u>Position(s) Held</u> |
|---|---|
| | |
| | |
| | |
| | |

<u>**Item 12.**</u>         **Attorneys**

List all attorneys retained by the corporation during the last three years.

| <u>Name</u> | <u>Firm Name</u> | <u>Address</u> |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

Initials _____

**Exhibit 2**

<u>**Item 13.**</u>        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Exhibit 2**

**Item 14.**        **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Exhibit 2**

**Item 15.**      **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

Initials _____

**Exhibit 2**

**Item 18.**        **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date.  *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|--------------|------------------------|--------------------|--------------------------|----------|
|      |              |                        |                    |                          |          |
|      |              |                        |                    |                          |          |
|      |              |                        |                    |                          |          |
|      |              |                        |                    |                          |          |

**Item 19.**        **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|                       | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|-----------------------|---------------------|-----------|-------------|-------------|
| Gross Revenue         | $                   | $         | $           | $           |
| Expenses              | $                   | $         | $           | $           |
| Net Profit After Taxes| $                   | $         | $           | $           |
| Payables              | $                   |           |             |             |
| Receivables           | $                   |           |             |             |

**Item 20.**        **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |

Initials _____

**Exhibit 2**

**Item 21.**         **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**         **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Initials _____

**Exhibit 2**

**Item 23.**          **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**          **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Initials _____

**Exhibit 2**

<u>**Item 25.**</u>          **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


<u>**Item 26.**</u>          **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Initials _____

**Exhibit 2**

**Item 27.**        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**        **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|
| | |
| | |
| | |
| | |
| | |

**Item 29.**        **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Exhibit 2**

**Item 30.**      **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**      **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

**Exhibit 2**

**Item 32.**          **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

     I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                                        Signature

 

                                                       _____
                                                        Corporate Position

Initials _____

**Exhibit 2**

# ATTACHMENT C

**Exhibit 2**

Form **4506**

(November 2021)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506*.

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use Get Transcript to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year you request).

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here  .  .  .  .  .  .  .  .  .  . ▶ ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____

____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____

**8** **Fee.** There is a $43 fee for each return requested. **Full payment must be included with your request or it will be rejected.** Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.

**a** Cost for each return  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .    $         43.00

**b** Number of returns requested on line 7  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

**c** Total cost. Multiply line 8a by line 8b  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .    $

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here  .  .  .  .  . ▶ ☐

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.**

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions) _____ Date _____

Print/Type name _____

Title (if line 1a above is a corporation, partnership, estate, or trust) _____

▶ Spouse's signature _____ Date _____

▶ Print/Type name _____

For Privacy Act and Paperwork Reduction Act Notice, see page 2.

Cat. No. 41721E

Form **4506** (Rev. 11-2021)

**Exhibit 2**

Form 4506 (Rev. 11-2021) Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7*, have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Florida, Louisiana, Mississippi, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alabama, Arkansas, Delaware, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
|---|---|
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 6734 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7*, are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

***Individuals.*** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

***Corporations.*** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

***Partnerships.*** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

***All others.*** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

**Exhibit 2**

# ATTACHMENT D

**Exhibit 2**

## CONSENT TO RELEASE FINANCIAL RECORDS

I, _____ of _____, (City, State), do hereby direct any bank, saving and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls, or maintains custody of assets, wherever located, that are owned or controlled by me or at which there is an account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney of the Plaintiffs, and to give evidence relevant thereto, in the matter of *Federal Trade Commission, et al. v. Green Equitable Solutions, et al.*, now pending in the United States District Court of Central District of California, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect hereto, and the same shall apply to any of the accounts for which I may be a relevant principal.

Dated:_____     Signature:_____

Printed Name:_____

**Exhibit 2**

I hereby attest and certify on 9/22/22
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

_____
DEPUTY CLERK



1178

**Exhibit 2**